Leonard **WOLFE, Richard Dee, Gilbert Kisch, and Robert Dougherty,**
Plaintiffs,

v.

**TIME, INC., Defendant.**

**No. 87 Civ. 1012 (WCC).**

United States District Court,
S.D. New York.

Jan. 3, 1989.

Vladeck, Waldman, Elias & Engelhard, P.C., New York City, for plaintiffs; Judith P. Vladeck, Laura S. Schnell, Ruth E. Harlow, of counsel.

Proskauer Rose Goetz & Mendelsohn, New York City, for defendant; Howard L. Ganz, Joseph Baumgarten, of counsel.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge.

This suit was brought by four former employees of defendant Time, Inc. ("Time"), each of whom was discharged as part of a reduction-in-force ("RIF") undertaken at the company in early 1986. Plaintiffs contend that they were terminated on account of their age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* The action is currently before the Court on Time's motion for summary judgment dismissing the claims of two of the plaintiffs, Robert Dougherty ("Dougherty") and Gilbert Kisch ("Kisch").

## BACKGROUND

The parties do not dispute that in 1986, Time dismissed a large number of employees as part of a RIF instituted to cut costs at the company. At the time of his dismissal, the 54–year–old Dougherty was manager of customer services for Time's Image Processing and Color Transmission ("IMPACT") Center. At the time Kisch's employment ended, he was 51 years old and the creative manager of Money Magazine.

## DISCUSSION

### I. The Standard for Summary Judgment

A party seeking summary judgment must demonstrate that "there is no genuine issue as to any material fact." Fed.R. Civ.P. 56(c); *Knight v. U.S. Fire Insurance Company,* 804 F.2d 9, 11 (2d Cir. 1986), *cert. denied,* 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than

simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electrical Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). It must establish that there is a "genuine issue for trial." *Id.* at 587, 106 S.Ct. at 1356. "In considering the motion, the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight* 804 F.2d at 11. The inquiry under a motion for summary judgment is thus the same as that under a motion for a directed verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2512, 91 L.Ed. 2d 202 (1986).

### II. The Standard Established by the ADEA

■ The ADEA prohibits employers from discharging or otherwise discriminating against employees on the basis of age. 29 U.S.C. § 623.

> The plaintiff has the burden of proving that "age was the 'determining factor' in his discharge in the sense that, 'but for' his employer's motive to discriminate against him because of age, he would not have been discharged." *Loeb v. Textron, Inc.,* 600 F.2d 1003, 1019 (1st Cir. 1979).

*Pena v. Brattleboro Retreat,* 702 F.2d 322, 323 (2d Cir.1983). The order and allocation of proof in ADEA cases is the same as in an action brought under Title VII of the Civil Rights Act of 1964. *Id.* It was articulated by the Supreme Court in *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981):

> First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in

proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

*Id.* at 252–53, 101 S.Ct. at 1093 (quoting *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–05, 93 S.Ct. 1817, 1824–25, 36 L.Ed.2d 668 (1973)). In considering a summary judgment motion, the Court must determine whether there are facts in dispute which, if proven, would establish a prima facie case for the plaintiff. If the defendant can rebut the plaintiff's prima facie case with legitimate, non-discriminatory reasons for discharging the plaintiff, the plaintiff must then proffer evidence from which the trier of fact could conclude that the defendant's excuses are a mere pretext for discrimination.

■ In order for Dougherty and Kisch to establish a prima facie case of age discrimination, each must present sufficient evidence to show that (1) he was in the protected age group, (2) he was qualified for his job, (3) he was discharged, and (4) the discharge occurred in circumstances which give rise to an inference of age discrimination. *Pena v. Brattelboro Retreat,* 702 F.2d at 324. Time does not dispute, for the purposes of this motion, that plaintiff will be able to furnish evidence satisfying the first three requirements. However, with respect to the fourth requirement—that Dougherty and Kisch were discharged under circumstances which give rise to an inference of age discrimination—Time maintains that neither plaintiff can provide sufficient evidence to warrant a trial. The Court agrees with Time as to plaintiff Kisch, but disagrees about plaintiff Dougherty.

## III. Dougherty

■ The Court denies Time's motion for summary judgement against plaintiff Dougherty. In opposition to Time's motion for summary judgment, Dougherty contends, inter alia, that there is a material issue of fact concerning whether Time hired Oliver Knowlton, age 28, to perform Dougherty's job. Time argues vigorously that the job given to Knowlton after Dougherty's termination was different from the one held by Dougherty. Time concedes, however, that at least some of the responsibilities taken on by Knowlton were identical to those previously held by Dougherty. A plaintiff may show circumstances giving rise to an inference of age discrimination if, in addition to showing that "he was sufficiently qualified to continue holding the position," he shows that "his position thereafter was filled by someone younger or held open for such a person." *Haskell v. Kaman Corp.,* 743 F.2d 113, 119 n. 1 (2d Cir.1984).

The ten months which passed between the firing of Dougherty and the hiring of Knowlton, along with Time's description of Knowlton's duties, suggest to me that Knowlton's hiring does not reflect discrimination against Dougherty on the basis of age. It is the Court's job, however, to review the facts in the light most favorable to the non-moving party. In considering a summary judgment motion, moreover, the Court must only identify issues of material fact, not resolve them. There is certainly an issue of fact as to whether the younger Knowlton's job was sufficiently similar to Dougherty's, and whether he received that job so soon after Dougherty was terminated as to create an inference of age discrimination. Furthermore, it has been held that the hiring of a younger employee to replace an older employee establishes a prima facie case of age discrimination and is sufficient evidence of pretext to preclude summary judgment. *Connolly v. Cluett, Peabody & Co., Inc.,* 46 FEP Cases 86 (S.D.N.Y.1988) [1988 WL 18843] (Conner, J.). Consequently, Time's motion for summary judgment against plaintiff Dougherty is denied.

## IV. Kisch

■ Plaintiff Kisch offers a much weaker case than Dougherty. He advances four principal arguments in support of his age

discrimination claim: (1) that two younger employees were retained while he was dismissed; (2) that statistical evidence concerning the numbers and ages of employees allegedly discharged from Money gives rise to the inference that age discrimination caused him to lose his job; (3) that prior to his discharge he had a long and successful career at Time; and (4) that alleged inconsistencies in the reasons given by individuals at Time for Kisch's discharge are evidence that the proffered reasons are a pretext for age discrimination.

At the time Kisch was discharged, he held the position of creative manager in the Promotion Department of Money Magazine. The other members of the Promotion Department were Kisch's supervisor, Michael Rich, and two employees below Kisch in the hierarchy, Brook Zern, a 43 year old copywriter, and Daniel Osheyack, a 33 year old who held the title of promotion manager. Kisch maintains that he and Zern and Osheyack performed the same duties, and that the decision to dismiss him and retain the younger employees is therefore indicative of age discrimination. The record indicates otherwise. First of all, Kisch did not hold the same position as the others. Although all three employees may have shared some similar copywriting responsibilities, it is clear that, as creative director, Kisch held a superior, managerial position with duties distinct from the others.[1] Indeed, it was Kisch who promoted Osheyack to promotion manager.

In order for Time to retain Kisch and at the same time eliminate the position of creative manager, which Time argues was an unnecessary, "unique" position, Time would have had to demote Kisch to copywriter or find another place for him at the magazine. And since the objective of Time's RIF was to cut positions, retaining Kisch would in all likelihood have necessitated dismissing Zern or Osheyack, both of whom Kisch admits were talented individuals. "The ADEA mandates that an employer reach employment decisions without regard to age, but it does not place an affirmative duty upon an employer to accord special treatment to members of the protected age group." *Williams v. General Motors Corporation,* 656 F.2d 120, 129 (5th Cir.1981), *cert. denied,* 455 U.S. 943, 102 S.Ct. 1439, 71 L.Ed.2d 655 (1982); *Pirone v. Home Insurance Company,* 559 F.Supp. 306, 311 (S.D.N.Y.1983), *aff'd,* 742 F.2d 1430 (2d Cir.1983) ("The Act does not require that employees 40 years of age or older be given a preference.").

Kisch's argument is further weakened by the fact that one of the retained employees, Zern, was 43 years old at the time Kisch was terminated, and therefore a protected employee under the ADEA. Although an inference of age discrimination can exist even when a "replacement employee" and the discharged employee are members of the protected group, "the smaller the difference in age between the two employees, the weaker the inference of discrimination." *Equal Employment Opportunity Comm'n v. Trans World Airlines, Inc.,* 544 F.Supp. 1187, 1219 (S.D.N.Y.1982); *see also Loeb v. Textron, Inc.,* 600 F.2d 1003, 1013 n. 9 (1st Cir.1979). In the instant case, only eight years separate Kisch and Zern, too small a difference to create any inference in the absence of other evidence of discrimination. Moreover, Zern and Osheyack were not "replacement employees." Although they may have absorbed some of the responsibilities formerly carried out by Kisch, their jobs remained essentially the same, and no one was hired to replace Kisch. The fact that the position held by Kisch, creative manager, was altogether eliminated, supports the contention that the decision to discharge Kisch was based on legitimate business criteria.

■ The second ground Kisch offers in support of his claim is that there is statistical evidence creating an inference of age discrimination by Time. Kisch argues that a disproportionate number of employees discharged at Money were in the age group

---

1. The case now before the Court is therefore unlike *Duffy v. Wheeling Pittsburgh Steel Corp.,* 738 F.2d 1393, 1395 n. 2 (3rd Cir.1984), *cert. denied,* 469 U.S. 1087, 105 S.Ct. 592, 83 L.Ed.2d 702 (1984), where the plaintiff and the retained employees all held the identical job of salesman, and the four oldest salesmen were dismissed.

protected under the ADEA. Specifically, Kisch contends that four out of six terminated employees were 40 years of age or older, whereas only 36 of 88 Money employees were in that age group. "For such statistical evidence to be probative, however, the sample must be large enough to permit an inference that age was a determinative factor in the employer's decision." *Haskell v. Kaman Corp.*, 743 F.2d at 121 (ten terminations over an 11–year period not statistically significant). A sample of six employees "lacks sufficient breadth to be trustworthy," because "[a] small change in the underlying raw data would result in dramatic statistical fluctuations." *Parker v. Federal National Mortgage Ass'n*, 741 F.2d 975, 980 (7th Cir.1984) (statistical sample inadequate where three out of four terminated employees were in the protected age group); *see also Pirone v. Home Insurance Company*, 559 F.Supp. at 312 (sample of 16 or 18 people "too small for anything meaningful to be decided").

■ Kisch maintains, as his third supporting reason, that the length of his employment at Time, combined with his record, are probative on the issue of discrimination. Kisch's career at time spanned twenty years, during which he served, in turn, as promotion manager at Fortune magazine, promotion director at Money, and creative manager at Money. According to Kisch, his "record was characterized by favorable performance evaluations, raises, and bonuses." Plaintiffs' Opposition Brief at 13. At his deposition, however, Kisch admitted that in 1983, when he became creative manager at Money: (1) he was replaced as promotion director by Michael Rich, (2) Rich was thereafter in charge of the promotion department, (3) he reported to Rich, (4) after he became creative manager, he stopped receiving the annual bonuses that had been paid to him as promotion director, (5) he resented being replaced as promotion director, calling it "a callous political move." Ganz Aff., Exh. C, Kisch Tr. 127–134, 192–195.

Thus, the facts reveal that in 1983, Kisch was effectively demoted, and that in 1986, Rich, his superior, concluded that Kisch was "the least productive member of the promotion department" and that Kisch's "ideas and writing [were] consistently less creative and original than the ideas and writing of Mr. Osheyack and Mr. Zern...." Rich Aff. at ¶ 7. Thus, whatever the facts demonstrate about Kisch's performance during his first 17 years at Time, they reveal that in 1983, Kisch's stock began to fall. The length of Kisch's tenure at Time, and his performance during that period do not raise an inference of age discrimination sufficient to make out a prima facie case.

■ Finally, Kisch asserts that alleged inconsistencies in the reasons provided for his termination by Rich and George Vollmuth, Money's business manager, suggest that those explanations are a pretext for discrimination. Although I disagree that the testimony of Rich and Vollmuth provide evidence of pretext, the Court need not rule on the issue of pretext, because Kisch has not made out a prima facie case of age discrimination. Time's motion for summary judgment is granted against plaintiff Kisch.

### CONCLUSION

For the reasons set forth in the opinion above, Time's motion for summary judgment against plaintiff Dougherty is denied. Time's motion for summary judgment against plaintiff Kisch is granted.

SO ORDERED.