Frank GALLAWAY, Plaintiff,

v.

CURTICE–BURNS FOODS, INC., Defendant.

No. 89–CV–1577A.

United States District Court, W.D. New York.

Nov. 5, 1992.

Carl R. Krause, Harris, Beach & Wilcox, Rochester, N.Y.

Megan C. Watt, Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria, Buffalo, N.Y.

ORDER

ARCARA, District Judge.

This Court, having carefully reviewed Magistrate Judge Carol E. Heckman's Report and Recommendation of October 7, 1992, as well as the pleadings and materials submitted by both parties; and no ob-

jections having been timely filed to the Magistrate Judge's Report in the above-captioned matter, it is hereby

ORDERED, that pursuant to 28 U.S.C. § 636(b)(1), the Magistrate Judge's Report and Recommendation is accepted in its entirety.

IT IS FURTHER ORDERED that the defendant's motion for summary judgment is DENIED.

IT IS SO ORDERED.

## REPORT AND RECOMMENDATION

HECKMAN, United States Magistrate Judge.

This matter was referred to the undersigned by the Hon. Richard J. Arcara pursuant to 28 U.S.C. § 636(b)(1)(B) for Report and Recommendation on Defendant's motion for summary judgment. For the reasons set forth below, Defendant's motion should be denied.

## BACKGROUND

■ This action was filed on December 7, 1989, alleging that Plaintiff was demoted on account of his age in violation of the Age Discrimination in Employment Act ("ADEA") (Count 1) and N.Y.Exec.Law § 296[1] (Count 2). Since claims under New York Executive Law § 296 are analogous to claims under the ADEA, Federal Courts apply the same analysis to pendent state law age discrimination claims. *See, e.g., Vaughn v. Mobil Oil Corporation,* 708 F.Supp. 595, 599 (S.D.N.Y.1989).

The Plaintiff was hired in February of 1971 at age 43 to become the maintenance supervisor of Defendant's Oakfield, New York plant, which housed a beverage bottling facility and a vegetable canning facility. The Plaintiff held this position for 17 years until April 11, 1988, when he was demoted to the position of maintenance technician. At the time of his demotion, Plaintiff was 60 years old. Plaintiff was replaced as maintenance supervisor by 35 year-old Thomas Porter.

The decision to demote the Plaintiff was made by Jeffrey J. Clark. Clark became the plant manager of the Oakfield facility in February of 1987. According to Clark, Plaintiff was demoted because of poor job performance (Item 9). For example, Clark maintains that mechanics were unable to repair and maintain equipment because they lacked normal supplies. Although he discussed this with Gallaway, the situation did not improve and there were numerous breakdowns in plant equipment in the Summer of 1987. Clark also complained about Gallaway's use of maintenance department personnel. The plant was to undertake a significant increase in the packing of canned green beans, but Gallaway only assigned one mechanic to the closing machine area. Other performance-related concerns are detailed in the Clark affidavit. Accordingly, the Defendant argues that this evidence demonstrates that the Plaintiff was not qualified to remain in the position of maintenance supervisor, and that the company therefore had a legitimate, non-discriminatory reason for demoting him.

In response, Plaintiff has addressed in detail each of Clark's criticisms, and maintains that all of these accusations were made after the demotion had already occurred in a belated effort to justify the company's decision. Plaintiff points out that he managed the maintenance functions of the plant successfully for 16 years before Clark arrived, and that none of his regular evaluations criticize his leadership skills. Plaintiff received regular bonuses and salary increases over the years. In fact, his salary was the second highest of maintenance supervisors at Defendant's other facilities and was substantially decreased along with a decrease in benefits by his demotion.

■ Plaintiff also points to a memorandum dated July 11, 1987 (Item 15, Ex. 8), authored by Clark, who commends Plaintiff's job performance. In a memorandum dated September 26, 1986, Clark states that he is concerned about training a replacement for Plaintiff because he is "within a

---

**1.** This action was filed on the same day as *Tuttobene v. Curtice Burns, Inc.,* 89–CV–1576A, which also alleges that Plaintiff was demoted on account of his age.

few short years of retirement," and that his trainee/assistant could "remove some of the burden from Frank" (Item 15, Ex. G). In handwritten notes of Clark's, entitled "New Maintenance Supervisor for Oakfield," Clark states that his objectives are to "[t]rain a replacement for F. Gallaway anticipating Frank's retirement" so as to "[p]rovide new 'blood' for the maintenance department to better maintain our plant." (*Id., Ex. I*). Finally, Plaintiff has submitted an affidavit of Fred Ziegler, which states that Clark complained about the numbers of older men in the maintenance department at the plant, and that he referred to the Plaintiff as the "old man in maintenance" (Item 19).

## DISCUSSION

Based on the framework for proving discriminatory intent in Title VII cases established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), a plaintiff seeking relief under the ADEA has the initial burden of establishing by a preponderance of the evidence a *prima facie* case of discrimination. If the plaintiff is successful, the burden then shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection...." *Id.* at 802, 93 S.Ct. at 1824. "[S]hould the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981).

To establish a *prima facie* case of age discrimination, a plaintiff must establish that he or she (1) was at least 40 years old at the time of the alleged discriminatory act, (2) was qualified for the job from which he or she was discharged or demoted, and (3) was discharged or demoted under circumstances that give rise to an inference of discrimination. *Dugan v. Martin Marietta Aerospace*, 760 F.2d 397, 399 (2d Cir.1985). A plaintiff may establish circumstances giving rise to an inference of

discrimination if, in addition to showing that he or she "was sufficiently qualified to continue holding [the] position," *Haskell v. Kaman Corp.*, 743 F.2d 113, 119 n. 1 (2d Cir.1984), the plaintiff shows that his or her "position thereafter was filled by someone younger ... or held open for such a person." *Id.; see also Wolfe v. Time, Inc.*, 702 F.Supp. 1045, 1048 (S.D.N.Y.1989).

A court may grant summary judgment only when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Federal Rule of Civil Procedure 56(c). "Where, as here, the nonmovant bears the ultimate burden to prove at trial that the defendant discriminated, [h]e may defeat the summary judgment motion by producing sufficient specific facts to establish that there is a genuine issue of material fact for trial. *Montana v. First Federal Savings and Loan Association*, 869 F.2d 100, 103 (2d Cir.1989) (citations omitted). Furthermore, in ruling on a summary judgment motion, "the court must resolve all ambiguities and draw all reasonable inferences in favor of [the non-moving party]." *Patrick v. LaFevre*, 745 F.2d 153, 158 (2d Cir.1984).

■ As recently recognized by the Second Circuit, employment discrimination "is often accomplished by discrete manipulations and hidden under a veil of self-declared innocence." *Rosen v. Thornburgh*, 928 F.2d 528, 533 (2d Cir.1991). A victim of discrimination is unlikely to produce direct evidence of discrimination or a "smoking gun" and therefore usually must rely on the cumulative weight of circumstantial evidence. *Hollander v. American Cyanamid Co.*, 895 F.2d 80, 85 (2d Cir. 1991); *Dister v. Continental Group, Inc.*, 859 F.2d 1108, 1112 (2d Cir.1988). Accordingly, where the Defendants' intent and state of mind are placed in issue, summary judgment is ordinarily inappropriate. *Rosen v. Thornburgh, supra*, 928 F.2d at 533.

■ In this case Plaintiff has clearly raised sufficient factual questions to preclude summary judgment in favor of the Defendant. Although Defendant contends

that Plaintiff has failed to establish a *prima facie* case because Plaintiff was not qualified for his position, a review of the numerous affidavits submitted in connection with the motion shows that Plaintiff's job performance is highly contested. Plaintiff has thus overcome the first step of the *McDonnell Douglas* analysis.

Once the Plaintiff has met this burden of establishing a *prima facie* case, the Defendant need merely articulate via admissible evidence a legitimate reason for the employment decision. Here, Defendant has met this burden, and the burden has shifted back to Plaintiff to show by a preponderance of the evidence that the employer's proffered reason was not the "true reason for the employment decision." *Burdine*, 450 U.S. at 256, 101 S.Ct. at 1095; *McDonnell Douglas*, 411 U.S. at 804, 93 S.Ct. at 1825.

Plaintiff has met this burden as well. Plaintiff has squarely placed Defendant's intent and state of mind at issue by pointing to Plaintiff's satisfactory evaluations, his bonuses and raises, and the memos from Clark noting Plaintiff's age and a desire to bring "new blood" into the company.

Accordingly, Plaintiff has raised a triable issue as to the pretextual nature of his demotion, precluding summary judgment.

## CONCLUSION

For the foregoing reasons, I recommend that the District Court deny Defendant's motion for summary judgment.