**Salvatore TUTTOBENE, Plaintiff,**

**v.**

**CURTICE–BURNS, INC., Defendant.**

**No. 89–CV–1576A.**

United States District Court,
W.D. New York.

Dec. 16, 1992.

Carl R. Krause, Harris, Beach & Wilcox, Rochester, NY.

Megan C. Watt, Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria, Buffalo, NY.

## ORDER

ARCARA, District Judge.

This matter was referred to Magistrate Judge Carol E. Heckman, pursuant to 28 U.S.C. § 636(b)(1)(B), for report and recommendation on defendant's motion for summary judgment. Magistrate Judge Heckman filed a Report and Recommendation on October 7, 1992 denying defendant's motion. Defendant objects to the Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court has made a *de novo* review of the Magistrate Judge's Report and Recommendation. The Court has reviewed the record, the submissions of the parties and heard oral argument from counsel.

 Upon *de novo* review, the Court adopts the proposed findings and recommendations for the reasons stated in Magistrate Judge Heckman's Report and Rec-

ommendation, and denies defendant's summary judgment motion.

It is so ordered.

## REPORT AND RECOMMENDATION

HECKMAN, United States Magistrate Judge.

This case was referred to the undersigned by the Hon. Richard J. Arcara pursuant to 28 U.S.C. § 636(b)(1)(B) for Report and Recommendation on Defendant's motion for summary judgment. For the reasons set forth below, Defendant's motion should be denied.

### BACKGROUND

This action was filed on December 7, 1989, alleging that Plaintiff was demoted on account of his age in violation of the Age Discrimination in Employment Act ("ADEA") (Count 1) and N.Y.Exec.Law § 296[1] (Count 2).

Plaintiff began his employment with Curtice–Burns in September, 1974, at which time Plaintiff was 42 years old. He started out as a maintenance supervisor at Defendant's Oakfield, N.Y. plant, which housed a beverage bottling facility and a vegetable canning facility. In June, 1980, Dale Hare was promoted from Plant Superintendent to Plant Manager of the beverage operations at the Oakfield Plant. Hare had been working for Defendant since 1967, and was approximately 31 years old at the time of his 1980 promotion. Plaintiff, as Maintenance Supervisor, reported directly to Hare, and continued to do so upon his promotion in May, 1981, to Hare's former position of Plant Supervisor of the beverage operations.

In November, 1987, Hare was promoted to the position of Purchasing Manager for the newly-formed National Brands Beverage Division ("NBBD") of Curtice–Burns, which encompassed the Oakfield beverage operations. At the same time, Plaintiff was promoted to the position of Production

---

1. Since claims under N.Y.Exec.Law § 296 are analogous to claims under the ADEA, federal courts apply the same analysis to pendent state law age discrimination claims. *See, e.g., Vaughn v. Mobil Oil Corp.* 708 F.Supp. 595, 599 (S.D.N.Y.1989).

Manager of the Oakfield Plant, assuming the duties previously performed by Hare as Plant Manager. In approximately July, 1988, NBBD was dissolved, leaving Hare without a job. In September, 1988, Defendant reorganized the structure of its Oakfield Plant, and Hare was returned to his former position as Plant Superintendent. At the same time, Plaintiff was returned to his former position as Maintenance Supervisor, without diminution in pay. At the time of this restructuring, Plaintiff was 56 years old and Hare was 39.

Plaintiff then commenced this action, claiming that the demotion to Maintenance Supervisor was based solely on his age. Discovery was completed as of January 15, 1992.

## DISCUSSION

Based on the framework for proving discriminatory intent in Title VII cases established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), a plaintiff seeking relief under the ADEA has the initial burden of establishing by a preponderance of the evidence a *prima facie* case of discrimination. If the plaintiff is successful, the burden then shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection...." *Id.* at 802, 93 S.Ct. at 1824. "[S]hould the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981).

■ To establish a *prima facie* case of age discrimination, a plaintiff must establish that he or she (1) was at least 40 years old at the time of the alleged discriminatory act, (2) was qualified for the job from which he or she was discharged or demoted, and (3) was discharged or demoted under circumstances that give rise to an inference of discrimination. *Dugan v. Martin Marietta Aerospace*, 760 F.2d 397, 399 (2d Cir.1985). A plaintiff may establish circumstances giving rise to an inference of discrimination if, in addition to showing that he or she "was sufficiently qualified to continue holding the position," *Haskell v. Kaman Corp.*, 743 F.2d 113, 119 n. 1 (2d Cir.1984), the plaintiff shows that his or her "position thereafter was filled by someone younger or held open for such a person." *Id.; see also Wolfe v. Time, Inc.*, 702 F.Supp. 1045, 1048 (S.D.N.Y.1989).

■ Defendant contends that Plaintiff has failed to establish a *prima facie* case because Plaintiff was not qualified for the position of production manager. In support of its position, Defendant cites numerous problems that developed at the Oakfield facility during Plaintiff's brief tenure as production manager. *See* Affidavits of Larry J. Hahn (Item 17) and Jeffrey J. Clark (Items 18 and 26). These problems included various complaints about the maintenance of the building as well as an overall inability to meet production demands.

Plaintiff, however, has at least raised sufficient factual questions to preclude summary judgment in favor of the Defendant at this step of the *McDonnell Douglas* analysis. *See, Owens v. New York City Housing Authority*, 934 F.2d 405, 409 (2d Cir.1991) (*McDonnell Douglas* requires only a minimal showing of qualification to establish *prima facie* case); *Powell v. Syracuse University*, 580 F.2d 1150, 1155 (2d Cir.) *cert. denied*, 439 U.S. 984, 99 S.Ct. 576, 58 L.Ed.2d 656 (1978) (plaintiff need only demonstrate that she possesses the basic skills necessary for the performance of the job). *See, also, Tyler v. Bethlehem Steel Corp.*, 958 F.2d 1176, 1180–1181 (2d Cir.1992). Plaintiff has demonstrated that a number of special conditions arose during the summer of 1988 which contributed to production difficulties at the plant. For example, Defendant's other beverage plants were closed in the Spring of 1988 putting greater demands on the Oakfield beverage plant. The management of the Oakfield beverage plant was directed to substantially reduce the inventory, placing greater production demands on the staff.

In the summer of 1988, a new bottling line was being installed at the Oakfield plant. Furthermore, the Affidavit of defense witness Larry J. Hahn states that Plaintiff did an "adequate job" as production manager (Item 17, ¶ 12) and following the summer of 1988, Plaintiff received a bonus of $5,500.

Once the Plaintiff has met this burden of establishing a *prima facie* case, the Defendant need merely articulate via admissible evidence a legitimate reason for the employment decision. Defendant here has clearly met this burden of production. Hare was displaced by a restructuring of the company, and both Hare and the Plaintiff were returned to their former positions and reporting hierarchy. This was a structure that had worked in the past and Defendant has stated that it provided a logical solution to the employment situation and management problems at the Oakfield plant.

Accordingly, the burden then shifts back to the Plaintiff to show by a preponderance of the evidence that the employer's proffered reason was not the "true reason" for the employment decision. *Burdine*, 450 U.S. at 256, 101 S.Ct. at 1095; *McDonnell Douglas*, 411 U.S. at 804, 93 S.Ct. at 1825. As stated recently by the Second Circuit in *Tyler v. Bethlehem Steel Corporation*, 958 F.2d 1176 (2d Cir.1992):

> This may be done either by persuading the trier of fact that a discriminatory reason more likely than not motivated the employer, or by persuading the trier of fact that the employer's proffered explanation is unworthy of belief

958 F.2d at 1181 (citations omitted).

Plaintiff's case is largely circumstantial in nature. Only one alleged item of direct evidence showing age-based discrimination is contained in the record. That is the Affidavit of Fred Ziegler (Item 29), who states that Jeffrey Clark referred to Plaintiff as an "old Dago." This Affidavit is disputed by Jeffrey Clark (Item 32). Although Plaintiff's case does not appear to be particularly compelling, this Court is unwilling to state that there are no factual issues raised for trial as to Defendant's motivation in demoting the Plaintiff. Ac-

cordingly, I recommend that this summary judgment motion be denied.

Defendant cites several cases which it contends support the position that Plaintiff must make at least a minimal showing that age might have been a factor in the Defendant's decision to either demote or terminate. However, a review of the Second Circuit's recent decision in *Tyler v. Bethlehem Steel Corp.*, *supra*, convinces this Court that, to survive a motion for summary judgment, it is not necessary that a plaintiff have direct evidence of age-based discrimination such as discriminatory remarks. To the contrary, a plaintiff may clearly proceed based on circumstantial evidence alone. In any event, and as discussed above, there is at least some evidence in the record before this Court as to discriminatory remarks. *See* Item 29.

## CONCLUSION

Accordingly, I recommend that the District Court deny Defendant's motion for summary judgment.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report and Recommendation be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 30(a)(3).

*Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 30(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made

and the basis for such objection and shall be supported by legal authority." *Failure to comply with the provisions of Rule 30(a)(3), or with the similar provisions of Rule 30(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.*

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

So Ordered.

DATED: Buffalo, New York
 October 1, 1992