760 F.2d 397
 37 Fair Empl.Prac.Cas. 833,
36 Empl. Prac. Dec. P 35,152
William E. DUGAN, Plaintiff-Appellant,
v.
MARTIN MARIETTA AEROSPACE, John A. Pavey, Chief of
Employment, Jo Ann Carr, Finance Employment, Richard D.
Bruning, Legal Department, Conrad Gagnon, Financial
Administrator, Donald C. Pigg, Business Manager R & T, and
Fogarty Van Lines, Defendants-Appellees.
 No. 799, Docket 84-7366.
 United States Court of Appeals,
Second Circuit.
 Submitted Feb. 20, 1985.
Decided April 5, 1985.
 
 Arturo G. Quintana, Brentwood, N.Y., for plaintiff-appellant.
 Arthur S. Olick, Andrew P. Brozman, Frederic L. Neustadt, Anderson, Russell, Kill & Olick, P.C., New York City, for defendants-appellees.
 Garbarini, Scher & DeCicco, P.C., New York, New York, for defendant-appellee Fogarty Van Lines.
 Before VAN GRAAFEILAND, WINTER and PRATT, Circuit Judges.
 WINTER, Circuit Judge:
 
 
 1
 The plaintiff, William E. Dugan, brought this action, initially pro se but later by appointed counsel, against Martin Marietta Corp., five employees of Martin Marietta Corp. (collectively "Martin Marietta"), and Fogarty Van Lines. He claimed that Martin Marietta discharged him in violation of the Age Discrimination in Employment Act, 29 U.S.C. Secs. 621-634 (1982) ("ADEA") and that Fogarty Van Lines contributed to this discrimination by misplacing some of the locks to his garage. The district court dismissed the complaint against Martin Marietta under Fed.R.Civ.P. 12(b)(6) for failure to state a claim. It dismissed the claim against Fogarty Van Lines for lack of subject matter jurisdiction. We affirm.
 
 
 2
 The record contains pro se complaints filed by Mr. Dugan himself as well as an amended complaint drafted and filed by counsel. It also contains evidentiary materials submitted by Martin Marietta. We do not rely upon the latter because the district court dismissed the action under Rule 12(b)(6), Fed.R.Civ.P., for failure to state a claim. We have examined these materials, however, to ensure that they contain nothing that strengthens Mr. Dugan's claim. They do not.
 
 
 3
 The amended complaint filed by counsel limits the age discrimination claim to the naked assertion that "[o]n December 18, 1981, the plaintiff, at age 40 years, was terminated from his position solely because of his age. The above-named individual-defendants so acted on behalf of Martin Marietta Corp. thereby violating the provisions of Section 4(a)(1) of the ADEA (29 U.S.C. Sec. 623[a]." Unlike the pro se complaints, the complaint filed by counsel makes no mention of Fogarty Van Lines, other than including it as a defendant in the caption.[1]
 
 
 4
 The district court granted Martin Marietta's motion under Rule 12(b)(6) to dismiss this complaint for failure to state a claim on the grounds that it contained no factual allegations whatsoever, apart from Mr. Dugan's age, that supported his assertion of age discrimination. This ruling was correct. See Locke v. Commercial Union Insurance Co., 676 F.2d 205, 206 (6th Cir.1982) (summary judgment proper where plaintiff presents only conclusory statements supporting allegations of age discrimination); Albany Welfare Rights Organization Day Care Center, Inc. v. Schreck, 463 F.2d 620, 622-623 (2d Cir.1972), cert. denied, 410 U.S. 944, 93 S.Ct. 1393, 35 L.Ed.2d 611 (1973) (complaint properly dismissed in civil rights case where only conclusory allegations made). While a claim made under the ADEA need not contain every supporting detail, it must at least inform the court and the defendant generally of the reasons the plaintiff believes age discrimination has been practiced.
 
 
 5
 Although we might affirm without more,[2] we will, in fairness to Mr. Dugan, also examine his pro se complaints, which contain a wealth of factual detail concerning his age discrimination claim.
 
 
 6
 According to the pro se complaints, Dugan answered a newspaper ad placed by Martin Marietta in May, 1981, to fill a position in Orlando, Florida. Dugan was interviewed on Long Island by Martin Marietta personnel who stated they were interested in a person with experience who was willing to relocate to Florida. Mr. Dugan informed them that he was very interested in doing so. In July, 1981, Martin Marietta offered Dugan a position in Orlando as a "Senior Specialist Finance", at an annual salary of $26,910. On September 10, 1981, Mr. Dugan started work in Orlando.
 
 
 7
 On October 13, Mr. Dugan returned to Long Island to investigate vandalism and a burglary of his home, which he was in the process of selling. After discovering considerable damage, he informed his supervisor at Martin Marietta that he could not return to work for two weeks. The supervisor stated that Dugan could return on November 2. Mr. Dugan then requested to be transferred temporarily to Martin Marietta's facility in Baltimore, Maryland, or to its facility in New York City, from which he could return to Long Island each weekend to deal with his problems. His supervisor said he would consider the transfer and extended the leave of absence to November 16. Mr. Dugan again did not return and told his supervisor that he could return perhaps by December 10 but no later than January 4, 1982. On December 18, 1981, Mr. Dugan's supervisor informed him that he was discharged. Mr. Dugan alleges that the supervisor stated at that time that he had hired "someone younger, cheaper, and a LOCAL SOUTHERNER."
 
 
 8
 In order to state a claim under the ADEA, a plaintiff must show that he or she:
 
 
 9
 1) is a member of the protected age group,
 
 2) was qualified for his or her job, and
 
 10
 3) was discharged under circumstances that give rise to an inference of discrimination.
 
 
 11
 Pena v. Brattleboro Retreat, 702 F.2d 322, 324 (2d Cir.1983). Mr. Dugan's age satisfies element (1). Whether the supervisor's statement that he was hiring someone "younger" is a sufficient circumstance under (3) to support an inference of age discrimination is doubtful in view of the fact that Mr. Dugan was forty when hired and forty when fired, having aged only a few months. We need not resolve that issue, however, since Mr. Dugan fails to make allegations supporting his qualifications under element (2).
 
 
 12
 In a discharge case, the requirement that the plaintiff be qualified for the job in question requires some allegations demonstrating satisfactory performance at the time of the discharge. Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 244 (4th Cir.1982). Mr. Dugan's pro se complaints, however, allege facts that affirmatively demonstrate that he was not performing his job satisfactorily. He had worked for a mere 33 days before taking leave for a duration that is not adequately explained by the reasons given. Vandalism and a burglary are harrowing experiences which may leave in their wake time consuming details requiring one's presence at the site. A continuous absence for over two months combined with an expected absence for yet another 2 and one-half weeks, however, is patently unjustified and is not satisfactory job performance for purposes of element (2).
 
 
 13
 Affirmed.
 
 
 
 [1]
 Dugan does not appeal from the dismissal of Fogarty Van Lines for lack of subject matter jurisdiction. We need not, therefore, detail the allegations with regard to Fogarty's involvement in this matter
 
 
 [2]
 As a general matter, amended complaints render preceding complaints functus officio. International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir.1977), cert. denied, 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 758 (1978)