Peter **DIMITROPOULOS**, Plaintiff,

v.

**PAINTERS UNION DISTRICT COUNCIL 9, Defendant.**

**No. 93 Civ. 6792 (DAB).**

United States District Court, S.D. New York.

July 31, 1995.

Andrew Moulinos, Astoria, NY, for plaintiff.

Laurent S. Drogin, Todtman, Young, Tunick, Nachamie, Hendler & Spizz and the Law Offices of Ira Drogin, New York City, for defendant.

## OPINION

BATTS, District Judge:

### I. *Introduction*

The Plaintiff, Peter Dimitropoulos ("Plaintiff"), commenced this action against District Council 9 of the International Brotherhood of Painters and Allied Trades ("DC–9" or "Union") pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, *et seq.*, and Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e–2(c)(1), (2) and (3). By Order dated September 27, 1994, Plaintiff's Title VII cause of action was dismissed pursuant to Fed. R.Civ.P. 41. The parties have completed discovery and Defendant now moves for sum-

mary judgement on the ADEA claim. For the following reasons, the motion is granted.

### II. *Facts*

On July 23, 1991, three months shy of his fifty-sixth birthday, Plaintiff was appointed by DC–9 as a "job steward". At that time, Plaintiff was employed by Newport Painting & Decorating, Inc. ("Newport") as a painter at the Essex House Hotel ("Essex House") pursuant to a contract between Newport and Essex House. On February 28, 1993, Plaintiff was terminated by Newport.

Plaintiff filed a grievance with DC–9, arguing that other Union painters were not terminated. He further argued that, according to the Collective Bargaining Agreement, the "job steward," should be the last worker laid off. The Union instructed Plaintiff to verify that other Union painters continued to work at the site for Newport. *See* Pl.'s 3(g) Statement, ¶¶ 31–40. While he was standing outside of the Essex House, Plaintiff claims that he observed several Union painters entering the building. *See* Dimitropoulos Aff., ¶ 5(a). Relying on these representations, DC–9 brought a grievance on Plaintiff's behalf against Newport. *See* Pl.'s 3(g) Statement, ¶¶ 31–40.

A hearing on the grievance was subsequently held by the Union's Joint Trade Committee. At the hearing, Newport produced evidence showing that it ceased providing services to Essex House on February 28, 1993. As a result, it was forced to terminate all of the Union painters on the job. Newport also produced evidence showing that the painters observed by Plaintiff were employed pursuant to separate contracts between Newport and individual Essex House apartment owners. *See* Pl.'s 3(g) Statement, ¶¶ 31–40.

The Joint Trade Committee found that since Plaintiff's appointment as "job steward" only applied to work performed under Newport's contract with Essex House, Newport was not required to employ Plaintiff following the termination of that contract. Plaintiff did not appeal this decision. *See* Pl's 3(g) Statement, ¶¶ 31–40.

Following his termination, Plaintiff did not sign the Union's "out of work book" to register his availability for work. *See* Pl.'s 3(g) Statement, ¶ 59. He was, however, present in the Union's "job room", for entire days at a time and DC–9 officials were aware of his presence. *See* Pl.'s 3(g) Statement, ¶ 56. Plaintiff complains that although the officials were aware of his presence and his desire to work, they did not refer him to any jobs. In addition, Plaintiff claims that he observed younger Union members being referred jobs. Plaintiff could not, however, identify any of these workers nor could he establish whether any of them had signed the "out of work book." *See* Pl.'s 3(g) Statement, ¶ 62.

On April 13, 1993, Plaintiff was involved in a fight with Gerry Metaxas, a Union member at the Union's offices. Charges filed by Mr. Metaxas against Plaintiff were heard before the Union's Trial Board, which fined Plaintiff $4,000 and expelled him from the Union. *See* Pl.'s 3(g) Statement, ¶¶ 66–68, 71–73, 79. Plaintiff appealed the decision of the Trial Board to the International Union, which subsequently affirmed the Board's decision. Plaintiff did not appeal this decision. *See* Pl.'s 3(g) Statement, ¶¶ 83–85.

On September 28, 1993, Plaintiff commenced the instant action alleging three distinct incidents of age discrimination: (1) DC–9 improperly handled Plaintiff's grievance with Newport because of his age; (2) DC–9 failed to refer Plaintiff to jobs because of his age, and; (3) Plaintiff was fined and expelled from DC–9 because of his age.

### III. *Summary Judgment*

Summary judgment is appropriate where the moving party has met its burden of proving through "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, ... that there is no genuine issue as to any material fact ..." Fed.R.Civ.P. 56(c); *Citizens Bank of Clearwater v. Hunt,* 927 F.2d 707, 710 (2d Cir.1991). The opposing party must "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *U.S. v. Potamkin Cadillac Corp.,* 689 F.2d 379, 381 (2d Cir.1982). In deciding a motion for summary judgment, a

court must "'resolve all ambiguities and inferences ... in the light most favorable to the party opposing the motion.'" *Shockley v. Vermont State Colleges,* 793 F.2d 478, 481 (2d Cir.1986) (citations omitted), *citing, United States v. One Tintoretto Painting,* 691 F.2d 603, 606 (2d Cir.1982) (citations omitted). "When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." *Gallo v. Prudential Residential Services, Ltd.,* 22 F.3d 1219, 1224 (2d Cir.1994).

### IV. *Analysis*

The ADEA prohibits age discrimination by labor unions. *See* 29 U.S.C. § 623(c). Specifically, 29 U.S.C. § 623(c)(1) makes it unlawful for a labor union to "exclude or to expel from its membership, or otherwise discriminate against, any individual because of his age." In addition, 29 U.S.C. § 623(c)(2) prohibits a labor organization from refusing to refer a member to work because of that member's age.

In his first allegation of discrimination, Plaintiff claims that the Union failed to represent him adequately in the grievance hearing against Newport on the basis of his age. A Union member's dissatisfaction with the outcome of his grievance hearing does not give rise to an inference of discrimination. *See James v. Local 32B–32J,* 1987 WL 33622, *3 (S.D.N.Y.1987). Plaintiff has failed to set forth a single fact indicating that age played any role in the manner in which the Union prosecuted his grievance. He merely alleges that the Defendant "did not provide Plaintiff member with assistance and support ... and unlawfully sided with the Essex House on account of Plaintiff's age." *See* Am.Compl. at ¶¶ 16–17. Bald assertions are insufficient to withstand a Defendant's motion for summary judgment. *See Dugan v. Martin Marietta Aerospace,* 760 F.2d 397, 399 (2d Cir.1985).

Plaintiff's evidentiary support is equally deficient with respect to his claim that he was discriminated against when he was fined and expelled from the Union.

Plaintiff has not produced a scintilla of evidence indicating that his age played a role in the Trial Board's decision or in the penalties that were imposed. Plaintiff's allegations, if true, establish that he was involved in a violent altercation with Metaxas, that Metaxas was under the influence of alcohol, and that Union officials covered up Metaxas' role in the altercation, which resulted in Plaintiff's expulsion from the Union. This Court fails to see, however, the connection between these facts and the conclusion that this "conduct ... was calculated and aimed at discriminating towards Plaintiff ..." *See* Am. Compl. at ¶ 26. Again, unsupported allegations that age influenced the Union's decision are insufficient to overcome a motion for summary judgment. *See Hodge v. RCA Global Communications*, 1994 WL 240373, *3 (S.D.N.Y.1994); *Dugan*, 760 F.2d at 399; *see also Christian Dior–New York, Inc., v. Koret, Inc.*, 792 F.2d 34, 37 (2d Cir.1986).

■■ Lastly, the Union's failure to refer Plaintiff to work following his termination from Newport does not rise to a level of discrimination. The elements of a *prima facie* case in the context of Union job referral are (1) Plaintiff is a member of the protected class; (2) he is qualified for the jobs being referred, which includes being qualified under legitimate Union rules to appear in the "out of work book"; and (3) he was not referred for jobs consistent with legitimate Union rules, or that other, younger Union members, were referred inconsistent with those rules. *See Williams v. Lehigh Valley Carpenters Union*, 1992 WL 247291, *3 (E.D.Pa.1992), *aff'd*, 993 F.2d 880 (3d Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 205, 126 L.Ed.2d 162 (1993).

■■ Plaintiff concedes that he did not sign the "out-of-work book" to register his availability for work. *See* Pl.'s 3(g) Statement, ¶ 59. This creates a legitimate non-discriminatory explanation as to why Plaintiff was not referred to jobs by the Union. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 801–803, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973); *see also Hodge*, 1994 WL 240373 at *3 (*McDonnell Douglas* framework applies to discrimination claims against labor unions). Further, Plaintiff neither states which jobs he was excluded from nor asserts that he was qualified for these unspecified jobs. Aside from the statement in his affidavit that younger workers were referred to jobs [1], Plaintiff has not produced any evidence showing that he was by-passed in a manner not permitted by the Union regulations. *Williams*, 1992 WL 247291 at *2.

■■ An ADEA Plaintiff bears the ultimate burden of proving that he was intentionally discriminated against based on age. *See Gallo*, 22 F.3d at 1224. In a disparate treatment case, he must show that "age was the determining factor" in the sense that "but for" the motive to discriminate against him, he would not have suffered adverse employment action. *See Suttell v. Manufacturers Hanover Trust Co.*, 793 F.Supp. 70, 72 (S.D.N.Y.1992), *citing, Pena v. Brattleboro Retreat*, 702 F.2d 322, 323 (2d Cir.1983). Plaintiff has failed to show this Court that a question of material fact exists as to whether age was a "significant contributing factor" driving any of the Union's actions. *See Hodge*, 1994 WL 240373 at *3; *Suttell*, 793 F.Supp. at 72.

Accordingly, the uncontroverted facts of this case entitle the Defendant to summary judgment.[2]

## V. *Conclusion*

As there exists no genuine issue as to any material fact, Defendant's motion for summary judgment dismissing the ADEA claim is hereby granted.

Because the Court has dismissed all of the claims in this case, The Clerk of the Court is

---

1. Plaintiff, however, cannot identify any of these younger workers. In addition, he cannot state whether or not they signed the "out-of-work book" and is unable to state the nature of the referred work.

2. Plaintiff's failure to submit a Memorandum of Law warrants the same result. *See* Local Rule 3(b), Local Rules for the Southern and Eastern Districts of New York; Deborah A. Batts, U.S.D.J. Individual Rules at ¶ 12 (failure to submit a Memorandum of Law "may be deemed sufficient cause for ... the granting of the motion by default").

directed to remove this case from the active docket.

SO ORDERED.