George S. SITKA

v.

UNITED STATES of America and
Nicholas Bagdasarian.

No. 3:94CV1670 (AHN).

United States District Court,
D. Connecticut.

Aug. 9, 1995.

George S. Sitka, Bristol, CT, pro se.

Thomas Jones, U.S. Dept. of Justice, Washington, DC, for Defendant.

## RULING

NEVAS, District Judge.

Plaintiff George S. Sitka ("Sitka") brings this action *pro se* against the defendants, the United States of America (the "Government") and Nicholas Bagdasarian ("Bagdasarian"), a revenue officer of the Internal Revenue Service (the "IRS"). While Sitka does not clearly identify the legal grounds upon which his claims are based, he appears to seek to enjoin the Government from collecting assessments made against him for unpaid federal income taxes for the years 1983 to 1988 and to sue Bagdasarian in his individual capacity for damages. Currently before the court is the Government's Motion to Dismiss for Failure to State A Claim.[1]

For the following reasons, the United States's motion to dismiss [doc. # 8] is GRANTED and Sitka's Motion for Injunction [doc. # 3] is DENIED as moot. The action is DISMISSED in its entirety.

## STANDARD OF REVIEW

In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all factual allegations in the complaint and must construe any well-pleaded factual allegations in the plaintiff's favor. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Easton v. Sundram*, 947 F.2d 1011, 1014–15 (2d Cir.1991), *cert. denied*, 504 U.S. 911, 112 S.Ct. 1943, 118 L.Ed.2d 548 (1992). A court may dismiss a complaint only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *see also Allen v. WestPoint–Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir.1991). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether he is entitled to offer evidence to support his claims." *United States v. Yale New Haven Hosp.*, 727 F.Supp. 784, 786 (D.Conn.1990) (citing *Scheuer*, 416 U.S. at 236, 94 S.Ct. at 1686).

## FACTS

For the purpose of this ruling, the court accepts the following facts as true.

The IRS is attempting to collect assessments made against Sitka for unpaid federal income taxes for the years 1983 to 1988.

---

1. The United States fails to identify clearly the relief that it seeks. Its motion is captioned a motion to dismiss, (*see* Mot. United States Dismiss Case Failure to State Claim [doc. 8]), it erroneously seeks to dismiss pursuant to Rule 12(h)(2), (*see id.*), and it requests that the court grant summary judgment in its memorandum of law. (*See* Mem. Support United States' Mot. Dismiss Pl.'s Compl. Failure State Claim 1 [doc. # 9].) The court will construe the Government's motion as a motion to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P.

Bagdasarian, an IRS revenue officer, has attempted to collect the taxes assessed against Sitka for the years 1983 to 1988.

Sitka never received a notice of deficiency pursuant to 26 U.S.C. § 6212 (1988).[2]

## DISCUSSION

Under Local Rule 9(a), Loc.R.Civ.P. (D.Conn.), a party shall file a memorandum in opposition to a motion to dismiss within twenty-one days unless otherwise ordered by the court. *See* Rule 9(a), Loc.R.Civ.P. (D.Conn.). The "[f]ailure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion. . . ." Loc.R.Civ.P. 9(a) (D.Conn.).

Sitka filed his complaint on September 29, 1994. On November 18, 1994, the Government filed this motion to dismiss. As of July 10, 1995, Sitka had not filed a memorandum in opposition to the Government's motion. On July 10, 1995, pursuant to *Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir.1994), the court notified Sitka that his failure to comply with Local Rule 9(a) within ten days of the date of the filing of the notice would result in the dismissal of the action. (*See* Order of Notice to *Pro Se* Litigant [doc. # 12].) At oral argument on a related matter on July 24, 1995, the court orally granted Sitka until August 7, 1995 to file a memorandum in opposition to the Government's motion to dismiss.

Sitka failed to file a memorandum in opposition to the Government's motion to dismiss by August 7, 1995. On August 8, 1995, he filed a one-half page memorandum in response to the Government's motion to dismiss; it addresses *none* of the arguments raised in the Government's motion to dismiss. (*See* Opp'n Mot.Dismiss [doc. # 15].)

Although the court is inclined to refuse to consider Sitka's response as untimely and to grant the Government's motion absent objection, the court will address the merits of the Government's motion to dismiss.

The court finds that Sitka fails to state a claim for which relief may be granted and the Government's motion to dismiss pursuant to Rule 12(b)(6) is GRANTED and the action is DISMISSED in its entirety.

◼ Sitka names Bagdasarian in his individual capacity and conclusorily alleges that Bagdasarian acted outside the scope of his employment in attempting to collect the tax assessments made against Sitka for the years 1983 to 1988. He seeks $250,000 in punitive damages.

◼ Where a federal employee is sued for a wrongful or negligent act, the Federal Employees Liability Reform and Tort Compensation Act, 28 U.S.C. § 2679 (the "Westfall Act"), permits the Attorney General to certify that the employee "was acting within the scope of his office or employment at the time of the incident out of which the claim arose. . . ." 28 U.S.C. § 2679(d)(2) (1988). Upon certification, the employee is dismissed from the action and the United States is substituted as a defendant. *See Gutierrez de Martinez v. Lamagno*, —— U.S. ——, ——, 115 S.Ct. 2227, 2229, 132 L.Ed.2d 375 (1995). The action then proceeds under the Federal Tort Claims Act (the "FTCA"). *See id.*

Here, the United States has attached to its answer a certification by the United States Attorney pursuant to the Westfall Act. The certification letter states that Bagdasarian's efforts to collect the taxes assessed for the years 1983 to 1988 were within the scope of his employment as a revenue officer. (*See* Answer Attach. B.)

In *Lamagno*, the Supreme Court held that a court may review the scope-of-employment certification where substitution of the United States would result in the dismissal of the action. *See Lamagno*, 115 S.Ct. at 2229. Because substitution of the United States will result in the dismissal of this action, the court has reviewed the certification letter *sua sponte*. Reviewing the certification letter and the affidavit of Robert Galante, (*see* Answer Attach. C), which was submitted in support of that certification, the court finds that Bagdasarian was acting within the scope of his employment in attempting to collect the tax assessments against Sitka. The court also notes that Sitka simply makes two conclusory allegations that Bagdasarian act-

2. *See infra* n. 3.

ed outside the scope of his employment in attempting to collect the assessments. (*See* Compl. ¶¶ 8, 10.) He fails to allege any facts to support these allegations. Sitka's claims against Bagdasarian in his individual capacity therefore are dismissed and the United States is substituted as the proper defendant in this action.

■■■ With the substitution of the United States as the proper defendant in this action, the question thus becomes whether Sitka may maintain this action against the United States. Absent an express waiver of its sovereign immunity, the United States cannot be sued. *See Block v. North Dakota ex rel. Bd. of Univ. Sch. Lands,* 461 U.S. 273, 280, 103 S.Ct. 1811, 1816, 75 L.Ed.2d 840 (1983); *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). Moreover, the United States's waiver of sovereign immunity must be strictly construed. *See Akutowicz v. United States,* 859 F.2d 1122, 1125 (2d Cir.1988) (citation omitted).

■■■ Although Sitka does not specify the grounds upon which he seeks relief, the court will construe his complaint to bring a claim under the FTCA. The FTCA waives the United States's sovereign immunity and permits a plaintiff to file a tort action against a federal official for money damages. *See* 28 U.S.C. § 1346(b) (1988). Sitka, however, cannot maintain an action under the FTCA. First, he has not met a prerequisite to maintaining a suit under the FTCA—that he first seek administrative relief. *See id.* § 2675. Second, the FTCA expressly bars actions involving the "assessment or collection" of taxes. *See id.* § 2680(c). Third, the FTCA prohibits a plaintiff from recovering punitive damages in an action against the United States. *See id.* § 2680(c). Third, the FTCA prohibits a plaintiff from recovering punitive damages in an action against the United States. *See id.* § 2674. Accordingly, Sitka's claims for monetary damages against the United States are barred under the FTCA.

Sitka also seeks to enjoin the United States from assessing and collecting any tax deficiencies, interest, or penalties arising from his failure to pay taxes for the 1983 to 1988 tax years. This court lacks jurisdiction to grant Sitka's request for injunctive relief, however.

■■■ The Anti–Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." *See* 26 U.S.C. § 7421(a) (1988). Its purpose is to protect the Government's ability "to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund." *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962). If the Anti–Injunction Act bars an action, the court lacks subject matter jurisdiction and the complaint must be dismissed. *See id.*

■■■ A statutory exception to the Anti–Injunction Act is set forth in 26 U.S.C. §§ 6212 & 6213, which provide that the collection of taxes may be enjoined where the IRS fails to mail to a taxpayer a notice of deficiency. *See* 26 U.S.C. § 6213(a).

Relying on this provision, Sitka states that he never received a notice of deficiency. (*See* Aff. George S. Sitka [doc. # 4].)[3] This fact, even if true, simply is irrelevant. *See Keado v. United States,* 853 F.2d 1209, 1211–12 (5th Cir.1988) (holding that IRS mailing of notice, not actual receipt of notice, commences statutory filing period). The United States adequately has established that a notice of deficiency was mailed by certified mail to Sitka on March 16, 1992. (*See* Answer Attach. B at 1–2.)

Another statutory exception is set forth in 26 U.S.C. § 6213(a). The section prohibits the IRS from assessing or collecting taxes from a taxpayer before or within ninety days

---

**3.** The Government has provided a copy of a letter addressed to the IRS written by John B. Kotmair, Jr. on Sitka's behalf. The letter challenges the sufficiency of a "document [that] purports to be a 'NOTICE OF DEFICIENCY,' alleging vari-

ous amounts of monies due for the years 1983, 1984, 1985, 1986, 1987 and 1988." (Answer Attach. B at 3–6.) This letter appears to contradict Sitka's affirmation that he never received a notice of deficiency.

of the mailing of a notice of deficiency to the taxpayer. Sitka does not assert that he falls within this exception.

Finally, the Supreme Court has articulated a narrow, judicially-created exception to the Anti–Injunction Act in *Enochs*, 370 U.S. at 6–7, 82 S.Ct. at 1128–29. There, the Court held that an action seeking injunctive relief may be permitted if it is clear that under no circumstances could the Government ultimately prevail on the underlying tax liability and the plaintiff would have no adequate remedy at law. *See Johnson v. United States*, 680 F.Supp. 508, 512–14 (E.D.N.Y. 1987). Based on the record before the court, the court finds that Sitka has failed to establish that he falls within this narrow exception to the Anti–Injunction Act.

In sum, the court finds that it lacks subject matter jurisdiction over Sitka's claim against the United States for injunctive relief.

### CONCLUSION

For the foregoing reasons, the motion to dismiss [doc. # 8] is GRANTED and Sitka's Motion for Injunction [doc. # 3] is DENIED as moot. Accordingly, the action is DISMISSED in its entirety. The Clerk shall enter judgment accordingly.

SO ORDERED.