G.A. MODEFINE S.A., et al., Plaintiffs,

v.

BURLINGTON COAT FACTORY
WAREHOUSE CORPORATION,
et al., Defendants.

No. 94 CIV 4646 (CBM).

United States District Court,
S.D. New York.

March 28, 1996.

Morton Amster, Anthony Lo Cicero, Denise A. Lindenauer, Amster, Rothstein & Ebenstein, New York City, for Plaintiffs.

Jeffrey M. Kadish, Morgan, Melhuish, Monaghan, Arvidson, Abrutyn & Lisowski, Livingston, NJ, for Defendants MXC, Inc. and Marty Mink [MXC].

## MEMORANDUM OPINION

MOTLEY, District Judge.

Plaintiffs have moved for default judgment against defendants MXC, Inc. and Martin

Mink for their failure to file timely, proper opposition to plaintiffs' motion for summary judgment. For the reasons stated herein, the motion for default judgment is granted as against both defendants.

## BACKGROUND

Plaintiffs, G.A. Modefine S.A., et al., manufacture men's ties and other consumer items under the trademark "Giorgio Armani" and other related marks. (Second Amended Complaint (hereinafter, "Complaint") at 14–16.) Defendant MXC, Inc. is alleged to be a New Jersey corporation, with its principal place of business in New York. (Complaint at ¶3G.) Defendant Martin Mink ("Mink") is alleged to be "an individual resident of New York having an office and place of business at the offices of [MXC, Inc.] and is a conscious, active and dominant force behind the activities of MXC as complained of herein." (Id. at ¶3H.) (Hereinafter, collectively, "MXC").

Plaintiffs allege that MXC and other defendants in this action "commenced the manufacturing, importation, distribution, offering for sale, and/or sale in commerce of men's ties, and possibly other items, bearing counterfeits and/or infringements of one or more" of plaintiffs' trademarks. (Id. at ¶10.)

By motion dated September 29, 1995, plaintiffs moved for summary judgment against MXC, stating that there were no genuine issues of material fact regarding MXC's liability on plaintiffs' federal claims of trademark infringement and false designation of origin as well as their state law claims of unfair competition.

On October 12, 1995, a pre-trial conference was held in the instant consolidated proceeding. Counsel for MXC failed to attend.[1] Counsel for plaintiffs' informed the court that MXC was not complying with plaintiffs' discovery requests and was "boycotting" the litigation. (R. (Oct. 12, 1995) at 6.) The court ordered that MXC would have until

October 16, 1995—the last day upon which opposition to plaintiffs' motion for summary judgment could be filed—to respond to the motion, or default judgment would be entered. (Id. at 7; Pre–Trial Schedule and Order, dated October 12, 1995, (hereinafter "October 12th Order") at ¶5). The court also noted that if MXC failed to respond to the motion by this date, "other penalties for failure to appear here at these conferences" would be considered. (R. (Oct. 12, 1995) at 7.)

At the conference held on this date, the court also heard oral argument on the request of other defendants in the underlying proceeding that the court compel plaintiffs to allow the deposition of a witness from Italy, Monica Rossi (hereinafter "Rossi"), who could provide testimony regarding the quality of the purportedly counterfeit ties at issue in this case. After extensive oral argument, the motion was granted and plaintiffs directed to produce this witness and products relevant to the litigation. (See October 12th Order at ¶14.) At the request of counsel for several of the defendants present at the October 12th conference, the court granted them an extension of time to respond to plaintiffs' motions for summary judgment against their clients. (Id. at ¶15).

By letter dated October 13, 1995, counsel for MXC stated that he would "be hand delivering to the Court on October 16, 1995, a Certification in opposition" to plaintiffs' motion for summary judgment. (Kadish Letter, dated October 13, 1995, at 1.)

Despite this promise, MXC failed to submit opposition to the motion by the court-imposed deadline of October 16, 1995.

By letter dated October 19, 1995, counsel for MXC proffered a summary, self-styled "letter brief" in opposition to the motion for summary judgment along with a "Certification" over the faxed signature of defendant Mink, which offered conclusory denials of plaintiffs' allegations. Counsel for MXC

---

1. Counsel for MXC has never articulated a reason for his absence. After failing to appear, counsel submitted a letter to the court with an "exhibit" (an internal office memorandum) that purportedly shows that counsel's secretary called this court's chambers and left a message for

court personnel. The memorandum reads simply, with no further explanation: "I left a detailed message why you could not attend Pre–Trial Conference." (Kadish Letter, dated October 19, 1995, Exh. B.)

stated that he chose not to file this opposition in a timely fashion as ordered by the court because he "felt less pressure" to submit the response on October 16, 1995 because, counsel alleges, he learned from court personnel that there would be no oral argument on the motion. (Kadish Letter, dated October 19, 1995, at 4.) Counsel stated further that the delay in filing was also due to unspecified "office pressures." (*Id.*) The letter brief failed to comply with Local Rule 3, by not setting forth any authority for its positions and not detailing in a separate statement the specific genuine facts to be tried that would warrant denial of the motion. (Kadish Letter, dated October 19, 1995, and attachments.); *See infra* at § I., A.

In reply to the opposition submitted by MXC, plaintiffs noted their objections both to MXC's late filing as well as the form of MXC's opposition. (*See* Rep.Mem. in Supp. of Sum.J.; Lindenauer Letter, dated October 19, 1995).

By letter dated November 14, 1995, counsel for MXC asked the court to "vacate" that portion of the October 12th Order that required MXC to submit its opposition to the motion for summary judgment by October 16, 1995. (Kadish Letter, dated Nov. 14, 1995, at 1.) Not only did MXC's counsel fail to articulate a legal basis for this request, his letter contains nothing more than explicit references to arguments proffered by *other* defendants in opposition to the wholly independent summary judgment motions made against them by plaintiffs. Counsel also stated: 1) that it would be "inequitable and unfair" to consider the late filing of MXC's opposition where other defendants were given an extension of time to respond to the motions made against them; and, 2) that a ruling on plaintiffs' motion against MXC would be "premature" given that the deposition of plaintiffs' witness from Italy was still pending. (*Id.* at 2.)

In response, counsel for plaintiffs reiterated their objections to MXC's opposition papers and identified MXC's other delinquent acts since the October 12, 1995 conference. (Lindenauer Letter, dated November 17, 1995, at 2–3.) Plaintiffs also highlighted for the court that it was other defendants that had sought to compel the deposition of Rossi and that these defendants had reached a tentative settlement with plaintiffs in the underlying action. Accordingly, plaintiffs stated that they would not produce Rossi unless directed by the court to do so. Counsel for MXC, although sent a copy of this letter, did not respond.

At a subsequent pre-trial conference in this matter, held January 26, 1996, the court reviewed the status of the litigation with counsel for the parties present. The court questioned MXC's counsel—who did attend this conference—regarding MXC's failure to respond to plaintiffs' statement, contained in the letter of November 17, 1995, that plaintiffs would not produce Rossi. Counsel for MXC stated that he did not take any action on this issue because—although he alleges that he tried to contact personnel in chambers in this regard without success—he did not know whether summary judgment had been entered yet against his client. (R. (Jan. 26, 1996) at 16–17.)

## ANALYSIS

### I. JUDGMENT SHOULD BE ENTERED AGAINST DEFENDANTS MXC AND MINK.

Plaintiffs argue that their motion for summary judgment should be granted on three grounds: 1) MXC's papers were filed untimely in violation of the court's October 12th Order; 2) MXC's opposition papers failed to comply with Local Rule 3; and, 3) even if MXC's opposition papers are considered, MXC has failed to raise a genuine issue of material fact sufficient to warrant denial of the motion. Furthermore, plaintiffs oppose the request that the court vacate its October 12th Order because MXC has raised new arguments that it had neglected to raise in its initial opposition papers.

### A) Defendants Defaulted on the Motion for Summary Judgment.

■ Because of MXC's failure to appear at the October 12, 1995 conference and to cooperate with plaintiffs' counsel by responding to their discovery requests, the court expressly directed MXC to file its opposition to

the motion for summary judgment by October 16, 1995. (October 12th Order at ¶ 5; R. (Oct. 12, 1995) at 6–7). The order expressly stated that summary judgment would be entered against MXC if the opposition was not filed as directed.[2] MXC failed to comply with this order, warranting a decision on the motion in plaintiffs' favor by default. *Davis v. New York City Dep't of Correction*, 93 Civ. 0213, 1994 WL 116060 (March 25, 1994, S.D.N.Y.); *Mason Tenders Dist. Council Welfare Fund v. SDG Constr. Management, Inc.*, 89 Civ. 6223, 1991 WL 210939 (Oct. 9, 1991, S.D.N.Y.); *cf. Sitka v. U.S.*, 903 F.Supp. 282, 284 (D.Conn.1995) (reaching merits of motion and dismissing complaint in its entirety after noting court's inclination to disregard plaintiff's untimely and cursory opposition to government motion).

Admittedly, without providing a reasonable excuse, *see* § I., B., *infra*, MXC *did* file opposition to the motion three days late. As outlined above, this opposition consisted of a letter that cited no authority and a cursory "certification" by defendant Mink. MXC simply failed to comply with Local Rule 3.[3] This constitutes independent basis for granting the motion on default. *Dimitropoulos v. Painters Union Dist. Council 9*, 893 F.Supp. 297, 300 n. 2 (S.D.N.Y.1995).

Accordingly, the default judgment as requested by plaintiffs will be so ordered, and all elements thereof endorsed.[4]

## B) Defendants' Request to "Vacate" the Court's Prior Order.

As noted above, after MXC failed to file opposition in accordance with the October 12th Order, MXC's counsel requested that the court "vacate" that portion of the order that stated that default judgment would be granted if defendants' opposition to the motion for summary judgment was not filed by October 16, 1995. (Kadish Letter, dated November 14, 1995.)

---

2. The October 12th Order reads as follows:

   Summary judgment is to be entered in favor of plaintiff against MXC Inc. and Martin Mink, defendants herein, if no answer to said motion is filed by October 16, 1995.

   *Id.* at ¶ 5.

3. S.D.N.Y. Loc.R. 3 provides in pertinent part:

   Upon any motion, the moving party shall serve and file with the motion papers a memorandum setting forth the points and authorities relied upon in support of the motion divided, under appropriate headings, into as many parts as there are points to be determined. The opposing party shall serve and file with the papers in opposition to the motion an answering memorandum, similarly divided setting forth the points and authorities relied upon in opposition. Failure to comply may be deemed sufficient cause for the denial of the motion or the granting of the motion by default.

   \* \* \* \* \* \*

   Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement constitutes grounds for denial of the motion.

   The papers opposing the motion for summary judgment shall include a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried.

   *Id.* at sub. b and g.

4. Plaintiffs also seek, and are entitled to receive, attorney's fees and treble damages in accordance with 15 U.S.C. § 1117(b). MXC relies on 15 U.S.C. § 1117(a) to argue that attorneys fees and treble damages are not warranted. Without citing any authority for its positions, MXC also insists that the court should conduct a hearing to determine damages and that the fees sought by plaintiffs' counsel against MXC amount to a disproportionate percentage of the counsel fees that have accrued in this case.

   First, plaintiffs seek attorney's fees and treble damages under § 1117(b), which requires a finding of willfulness on defendants' part to justify the award. On the motion, whether granted by default or after review of defendants' opposition, *see* § I., C., *infra*, plaintiffs' show that they are entitled to receive both treble damages and attorney's fees on this ground.

   Second, no hearing is appropriate to determine damages because defendants failed to dispute plaintiffs' showing of damages as set forth in their initial brief supporting the motion for summary judgment. (Pl.Mem. in Supp.Mot. for Summ.J. at 25–27.)

   Third, plaintiffs' method of apportioning an equal share of the fees to MXC, Inc. and Mink in relation to the other defendants is not unreasonable in this complex litigation that has been delayed mostly by the dilatory tactics of these defendants and others. (*See, e.g.,* Lo Cicero Declaration at 2–3 (detailing apportionment of fees); Lindenauer Letters, dated October 16, 1995 and November 17, 1995 (detailing tactics of defendants herein)).

■ Although no reference is made to any rule or precedent that would justify granting MXC relief from the effects of this order, the court will review this request under the well-settled principles of Fed. R.Civ.P. 60(b), which affords a party, upon a showing of " 'exceptional circumstances,' " relief from an order based on, *inter alia,* "excusable neglect." *Employers Mutual Casualty Co. v. Key Pharmaceuticals,* 75 F.3d 815, 824–825 (2d Cir.1996) (citation omitted).[5]

■ MXC's counsel unilaterally chose not to comply with the court's order. This justification provides no basis for relieving MXC of the obligations found therein. *Nemaizer v. Baker,* 793 F.2d 58, 62 (2d Cir.1986) (holding "an attorney's failure to evaluate carefully the legal consequences of a chosen course of action provides no basis for relief from a judgment").[6]

### C) Even if Consideration is Given the Motion on the Merits, MXC has Failed to Raise a Genuine Issue of Fact Sufficient to Warrant Denial of the Motion for Summary Judgment.

A motion for summary judgment shall only be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.Proc. 56(c). *See also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986).

Although the court must view the inferences to be drawn from the facts in the light most favorable to the non-movant, *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986), in order to defeat the motion the non-moving party must still establish the existence of a genuine issue of material fact for trial and may not merely rely upon the pleadings in order to overcome the motion. Fed.R.Civ.Proc. 56(e); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–324, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Christian Dior–New York, Inc. v. Koret, Inc.,* 792 F.2d 34, 37 (2d Cir.1986). "[A] party may not 'rely upon mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment.' " *Fletcher v. Atex, Inc.,* 68 F.3d 1451, 1456 (2d Cir.1995) (citations omitted).

5. Under this provision, a court can grant such relief taking into account the willful nature of the party's acts, whether it has a meritorious defense in the proceeding, and whether prejudice will result to the adverse party should such relief be granted. *See, e.g., Davis v. Musler,* 713 F.2d 907, 915 (2d Cir.1983). As stated herein, the court considers defendants' failure to comply with the order willful, that it has no meritorious defense, *See* § I., C., *infra.* Of course, without a meritorious defense, plaintiffs would not be prejudiced by a consideration of the motion on the merits because their motion would be granted for MXC's failure to raise a genuine issue of fact sufficient to defeat the motion. *Id.*

6. Additionally, although the court expressly finds that the items lifted from other defendants' opposition to motions independent to those involving MXC fail to raise a genuine issue of material fact, the court disregards these issues on several other grounds. First, in the original opposition papers, MXC failed to include references to other depositions and failed to mention any need to conduct further discovery. Now, MXC offers no reason for not doing so, warranting the rejection of these arguments. *Paddington Partners v. Bouchard,* 34 F.3d 1132, 1142 (2d Cir.1994). Second, that the court gave counsel for defendants present at the October 12th conference an extension of time to file their opposition to the independent motions made against those defendants based on the requests made at the conference is no reason to permit MXC the same courtesy. Third, MXC failed to participate in the request to compel plaintiffs to produce Rossi. Without timely objection to the cancellation of Rossi's deposition, MXC cannot now claim a right to depose her. Fourth, counsel's argument that he took no steps to protest the cancellation of the Rossi deposition because he had not received notice from the court that a decision on the request for summary judgment had not been entered provides no safe harbor for defendants' inaction. Even assuming counsel had called chambers to learn from court personnel whether a decision had been reached on the motion and received no response (although counsel offers no record of such efforts), counsel would have received notice of any decision on the motion from the court, or, at a minimum, he could have reviewed the files in the clerk's office of this district to determine if a decision had been reached. Counsel's position—that the onus is on the court to inform him when its decisions have *not* been reached—deserves no comment.

728

Here, in plaintiffs' thorough submissions in support of the motion for summary judgment they clearly establish their right to judgment as a matter of law with regard to their trademark infringement claims as well as their federal and state unfair competition claims. (*See* Pl.Mem. in Supp.Mot. for Summ.J. at 15–24.)

 The only issue MXC disputes in any way is whether MXC's actions were willful, but only through summary denials [7] which are insufficient to overcome plaintiffs' allegations. *General Elec. Co. v. New York State Dep't of Labor*, 936 F.2d 1448, 1452 (2d Cir. 1991); *Joint Apprenticeship and Training Council v. New York State Dep't of Labor*, 842 F.Supp. 1561, 1565 (S.D.N.Y.1994). Accordingly, plaintiffs submissions established that MXC's actions were willful.

Even assuming that their cursory denial was sufficient to challenge plaintiffs' assertion on willfulness *per se*, the court can at least infer the requisite intent "from the circumstances surrounding the business practices of defendants," *adidas Sportschuhfabriken Adi Dassler Stiftung & Co., K.G. v. New Generation*, 88 Cv. 5519, 16 U.S.P.Q.2d 1237, 1990 WL 180679 at *2 (May 29, 1990, S.D.N.Y.), an issue raised by plaintiffs and unaddressed by MXC's opposition. As in *adidas*, plaintiffs here have established that MXC "usurped" the "well known and notorious" mark, (i.e. "Giorgio Armani" and other related marks), and under such circumstances MXC was "under a duty to inquire whether their business sources for the designs were fully authorized to sell such products." *Id.* MXC did not present a genuine issue of material issue on this item, permitting the issuance of summary judgment on this ground, because any other issues of fact that may have been raised concerning willfulness would be rendered immaterial. *Celotex Corp. v. Catrett*, 477 U.S. at 323, 106 S.Ct. at 2552 (holding "a complete failure of proof concerning an essential element of the non-moving party's case *necessarily renders all other facts immaterial*") (emphasis added).

7. *See* Kadish Letter Exh. B (Mink certification).

**CONCLUSION**

For the reasons set forth herein, plaintiffs' request for default judgment against defendants MXC, Inc. and Martin Mink should be granted.