**Edwin J. AKUTOWICZ,**
**Plaintiff–Appellant,**

v.

**The UNITED STATES of America,**
**Defendant–Appellee.**

**No. 1173, Docket 88–6017.**

United States Court of Appeals,
Second Circuit.

Argued Aug. 16, 1988.

Decided Oct. 17, 1988.

Edwin J. Akutowicz, Montpellier, France, pro se.

Barry K. Stevens, Asst. U.S. Atty., Bridgeport, Conn. (Stanley A. Twardy, Jr., U.S. Atty., D. Conn., New Haven, Conn.), for defendant-appellee.

Before WINTER and MINER, Circuit Judges, BILLINGS,* District Judge.

* Hon. Franklin S. Billings, Jr., U.S. District Judge, District of Vermont, sitting by designa-

MINER, Circuit Judge:

Plaintiff-appellant Edwin J. Akutowicz, *pro se*, commenced this action in the United States District Court for the District of Connecticut (Dorsey, J.) against the United States of America ("the government") under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671–2680 (1982 & Supp. IV 1986), and the Privacy Act, 5 U.S.C. § 552a (1982). Akutowicz sought damages of $270,000, alleging, *inter alia*, that the Department of State ("Department"): (1) wrongfully deprived him of his citizenship; (2) fabricated and distorted information in his record, in violation of the Privacy Act; (3) violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (1982), by providing him with an incomplete record of his case and by providing it in an untimely manner; and (4) failed to provide him with an adequate hearing, in violation of the due process clause of the fifth amendment.

The district court granted in part the government's motion for summary judgment, holding that Akutowicz's tort claims were barred by section 2680(a) and (h) of the FTCA, and that the constitutional claims were barred under the doctrine of res judicata. Subsequently, the government successfully moved to dismiss Akutowicz's remaining claims under the Privacy Act and the FOIA for lack of subject matter jurisdiction. Judgment was entered accordingly.

Plaintiff appeals from the district court's rulings under the FTCA and the Privacy Act. Because we find that Akutowicz has not satisfied the private analog requirement of the FTCA, we affirm the district court as to the tort claims for the reasons that follow. We also affirm the court's dismissal of the Privacy Act claims, because Akutowicz failed to satisfy the Act's jurisdictional requirements.

## BACKGROUND

Edwin J. Akutowicz, a mathematician, was born a United States citizen. From 1960 to 1961, Akutowicz resided in France while he held a position as a visiting professor of mathematics at the University of Montpellier, also in France. After teaching in Pennsylvania and Texas for several years thereafter, he returned to France in 1965 to teach at the Institute of Mathematics of the University of Science and Technology of Languedoc. Plaintiff has resided continuously in France since 1965, although he asserts that, for approximately forty years, he has co-owned and maintained his family home in Windsor, Connecticut.

Akutowicz claims that in order to hold a regular appointment in the French national educational system, he was required under French law to obtain French citizenship. Thus, on May 12, 1970, Akutowicz became a naturalized French citizen. His wife and two children, both of whom were born in France as United States citizens, also were naturalized as French citizens.

In 1974, plaintiff applied for, and received, a French passport, in order to accompany an all–French academic delegation to India and to avoid complications in crossing international borders as a member of the delegation. Apparently, he never made that trip. In June 1977, Akutowicz sought to obtain a United States passport from the United States Consulate General at Marseille. His last U.S. passport, which had been issued to him in 1966 by the United States Embassy at Paris, had expired in 1969.

Alerted by his application for a new passport, the Department of State began an investigation to determine whether, by becoming a French citizen, Akutowicz had relinquished his United States citizenship. After a five year investigation, the Department concluded that Akutowicz had expatriated himself under the provisions of section 349(a)(1) of the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C. § 1481(a)(1) (1982).[1] Thereafter, on March

tion.

___

**1.** Section 349(a)(1) then provided, in pertinent part, that a native born or naturalized citizen of the United States "*shall* lose his nationality by obtaining naturalization in a foreign state upon his own application," 8 U.S.C. § 1481(a)(1) (emphasis added). On November 14, 1986, subsection (a) was amended, to the effect that a United States citizen "shall" lose his nationality, *inter*

23, 1982, the Consulate General at Marseille issued a certificate of loss of nationality pursuant to section 358 of the INA, *id.* § 1501.

Shortly after he learned of his "banishment," Akutowicz decided "to pursue his defense against [the Department's] aggression." To do so, he sought from the Department a copy of his record, which the Department is obligated to maintain under the provisions of section 552a(g)(1)(C) of the Privacy Act. In August 1983, after "over fourteen months of prodding" and upon the intervention of Senator Lowell Weicker, Akutowicz asserts that he finally received a "seriously incomplete" copy of his record from the Department.

In May 1982, prior to the receipt of his record, Akutowicz appealed the revocation of his citizenship to the Department's Board of Appellate Review (the "Board"). In its decision dated October 3, 1984, the Board reversed the Department's determination regarding Akutowicz's intention to relinquish his citizenship, concluding that plaintiff had "performed no act clearly inconsistent with an intent to retain United States citizenship." The Board therefore reinstated his citizenship. Notwithstanding its decision, the Board observed that "the Department and the [consular] posts concerned developed [Akutowicz's] case patiently and carefully, offering him full due process."

In March 1984, Akutowicz commenced an action *pro se* against the United States in the United States District Court for the District of Connecticut, *see Akutowicz v. United States*, Civ. No. N–84–262 (D.Conn. 1984), where he alleged various claims arising out of the deprivation of his citizenship. In granting the government's motion to dismiss, the court on December 17, 1984 concluded, *inter alia,* that plaintiff failed "to demonstrate an adequate prior administrative claim" for purposes of the FTCA. Judgment was entered without prejudice to continued administrative challenge.

On March 31, 1986, after filing an administrative claim, Akutowicz instituted this action, again in the District of Connecticut. Seeking $270,000 damages, he alleged, in his FTCA claim, that the Department wrongfully fabricated and distorted information relevant to his case, enabling it negligently to deprive him of his citizenship. He further alleged, *inter alia,* that the Department: (1) "intentionally falsified and invented" information relevant to his case, in violation of section 552a(g)(1)(C) of the Privacy Act; (2) provided him with a "seriously incomplete" copy of his record in an untimely manner, in violation of section 552 of the FOIA; and (3) violated the fifth amendment's due process clause by not providing him with an adequate hearing.

The parties subsequently filed cross-motions for summary judgment. In its ruling dated September 15, 1987, the district court granted the government's motion for summary judgment, to the extent of dismissing plaintiff's FTCA and constitutional claims. The court concluded that, because the revocation of Akutowicz's citizenship, pursuant to 8 U.S.C. § 1481(a), constituted a discretionary governmental act, Akutowicz's tort claims were barred by section 2680(a) of the FTCA. Plaintiff's allegations that the Department misrepresented facts and fabricated and destroyed evidence in order to reach its decision similarly fell under 28 U.S.C. § 2680(h), which bars claims arising out of, *inter alia,* "malicious prosecution, abuse of process, libel, slander, misrepresentation, [or] deceit," 28 U.S.C. § 2680(h). The court also noted the absence of any evidence in the record to support the latter claims.

The district court further held that because Akutowicz's constitutional claims previously were considered and dismissed by the court in its 1984 ruling, these claims were barred by the doctrine of res judicata. Finally, the court denied Akutowicz's motion for summary judgment, as material questions of fact still existed with respect to the FOIA and Privacy Act claims.

*alia,* by "obtaining naturalization in a foreign state upon his own application" with "the intention of relinquishing United States nationality,"

Pub.L. No. 99–653, § 18(a), 100 Stat. 3568 (1986).

The government then moved to dismiss "all allegations" of plaintiff's complaint based on the Privacy Act. On December 17, 1987, the district court granted the motion, dismissing Akutowicz's remaining claims, both under the FOIA and the Privacy Act. Recognizing that the venue requirements of the FOIA and the Privacy Act—sections 552(a)(4)(B) and 552a(g)(5), respectively—are identical, the court held that it had no subject matter jurisdiction, because venue was not proper in the District of Connecticut. The court also observed, without deciding the issue, that Akutowicz had asserted his Privacy Act claims beyond the statutory period.

On appeal, Akutowicz challenges the district court's determinations under the FTCA and the Privacy Act. We hold that, because plaintiff has not stated a cause of action cognizable against a private party, he cannot maintain this action against the government under the FTCA. It therefore is unnecessary to decide whether the Department's determination revoking Akutowicz's citizenship falls under any of the exceptions to the FTCA. We also affirm the district court's finding that it did not have subject matter jurisdiction to entertain the Privacy Act claims.

## DISCUSSION

### A. Federal Tort Claims Act

█ "[T]he United States, as sovereign, is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit," *Lehman v. Nakshian*, 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981) (quoting *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941)); *see Long Island Radio Co. v. NLRB*, 841 F.2d 474, 477 (2d Cir.1988). Accordingly, the government's waiver of immunity under the FTCA must be "strictly construed in favor of the government," *Long Island Radio*, 841 F.2d at 477.

Under section 2674 of the FTCA, the government is liable only "to the same extent as a private individual under like circumstances," 28 U.S.C. § 2674. Section 1346(b), the jurisdictional provision of the Act, more succinctly limits the government's exposure to liability to those torts committed by government employees "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the [tortious] act or omission occurred," 28 U.S.C. § 1346(b); *see Feres v. United States*, 340 U.S. 135, 141, 71 S.Ct. 153, 157, 95 L.Ed. 152 (1950); *Chen v. United States*, 854 F.2d 622 (2d Cir.1988); *C.P. Chemical Co. v. United States*, 810 F.2d 34, 37 (2d Cir.1987). As we recently held in *Chen*, "for liability to arise under the FTCA, a plaintiff's cause of action must be 'comparable' to a 'cause of action against a private citizen' recognized in the jurisdiction where the tort occurred, and his allegations, taken as true, must satisfy the necessary elements of that comparable state cause of action," *Chen*, 854 F.2d at 626 (citations omitted).

The FTCA does not extend to conduct "governed exclusively by federal law," *Feres*, 340 U.S. at 146, 71 S.Ct. at 159, or to conduct "of a governmental nature or function," *Dalehite v. United States*, 346 U.S. 15, 28, 73 S.Ct. 956, 964, 97 L.Ed. 1427 (1953) (footnote omitted), that has "no analogous liability" in the law of torts, *id.* at 44, 73 S.Ct. at 972. In *C.P. Chemical*, we held that,

as to certain governmental functions, the United States cannot be held liable, for no private analog exists. "[Q]uasi-legislative or quasi-adjudicative action by an agency of the federal government is action of the type that private persons could not engage in and hence could not be liable for under local law."

*C.P. Chemical*, 810 F.2d at 37–38 (quoting *Jayvee Brand, Inc. v. United States*, 721 F.2d 385, 390 (D.C.Cir.1983)). Without doubt, no private citizen is empowered to certify the loss of American nationality.

Certainly, the FTCA imposes liability upon the government to the same extent, and in the same manner, as a private individual under "like," not identical, circumstances, 28 U.S.C. § 2674; *see Indian Towing Co. v. United States*, 350 U.S. 61, 64, 76 S.Ct. 122, 124, 100 L.Ed. 48 (1955). We

think it clear, however, that the withdrawal of a person's citizenship constitutes a quasi-adjudicative action for which no private analog exists. Significantly, neither party has raised the issue whether, nor are we convinced that, any analogous private cause of action exists. Even if we were willing to analogize the relationship between the government and its citizens with that between a private association and its individual members, we would be hard-pressed to find "a cause of action *in tort*" for alleged misconduct by the association, *Chen,* 854 F.2d at 627 (see also cases cited therein).

Accordingly, because we hold that plaintiff has not satisfied the private analog requirement, he has failed to state a cause of action under the FTCA.

### B. *Privacy Act*

"[L]imitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied," *Soriano v. United States,* 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957); *see generally Library of Congress v. Shaw,* 478 U.S. 310, 315, 106 S.Ct. 2957, 2962, 92 L.Ed.2d 250 (1986); *Long Island Radio,* 841 F.2d at 477. Therefore, in suits brought under the Privacy Act, the waiver of immunity also must be construed in the government's favor. *See Diliberti v. United States,* 817 F.2d 1259, 1261 (7th Cir.1987).

Section 552a(g)(5) provides that the proper venue for an action brought under that Act is "the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia," 5 U.S.C. § 552a(g)(5). That section further provides that the action must be commenced "within two years from the date on which the cause of action arises," or, where the plaintiff alleges material and willful misrepresentation, "within two years after discovery by the individual of the misrepresentation," *id.*

■ Akutowicz's Privacy Act claims suffer two infirmities under this section. First, he filed his action in the wrong court. The district court found, and the record clearly establishes, that since 1965 Akutowicz has resided and worked continuously in France. We therefore reject his contention that because he owns a house in Connecticut, he "resides" there for purposes of the Privacy Act. In addition, the government asserts, and Akutowicz does not dispute, that the Department's records are "situated" in the District of Columbia. Thus, the only proper venue for this action is the District of Columbia.

■ Second, Akutowicz failed to file his claim within the two year statute of limitations. Particularly "where the government's consent as sovereign to be sued is conditioned upon the filing of suit within a specified period of time, strict compliance with that condition is a jurisdictional prerequisite." *Diliberti,* 817 F.2d at 1261. Although the district court did not decide the issue, it did note that the latest possible time before which Akutowicz could commence his suit was August 1985, or two years after his discovery of the alleged misrepresentation in his record (i.e., the date when he received a copy of his record from the Department of State).

While some courts have held that the statute of limitations commences even before the plaintiff receives a copy of his record from the government, *see, e.g., Diliberti,* 817 F.2d at 1262–63 (statute of limitations under Privacy Act begins to run "not when the plaintiff first had physical possession of the particular records, but rather when he first knew of the existence of the records"); *Bergman v. United States,* 751 F.2d 314, 316 (10th Cir.1984) (cause of action under Privacy Act arises when plaintiff "knew or had reason to know" of error in his records), *cert. denied,* 474 U.S. 945, 106 S.Ct. 310, 88 L.Ed.2d 287 (1985), Akutowicz's cause of action under the Privacy Act was time-barred even when calculated as of the date he received his record.

### CONCLUSION

In light of the foregoing, the judgment of the district court is affirmed.