## EMPLOYERS INSURANCE OF WAUSAU, Plaintiff,

### v.

## UNITED STATES of America, Defendant.

### No. 92 C 2396.

United States District Court, N.D. Illinois, E.D.

Aug. 23, 1993.

---

Robert M. Wattson, Rolf E. Gilbertson, Linda A. Stark, Daniel S. Weiss, Minneapolis, MN, for plaintiff.

Phyllis J. Pyles, Elizabeth A. Strange, Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

Employers Insurance of Wausau A Mutual Company ("Wausau") seeks to recover from the United States some $2 million that it spent to take removal action as the result of contamination at an oil recycling facility in Romulus, Michigan. Wausau challenges the determination by the Environmental Protection Agency ("EPA") (and the foundation of that determination) that Wausau had responsibility for such removal under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA," 42 U.S.C. §§ 9601–9660).[1]

Wausau, which has brought this action under the Federal Tort Claims Act ("FTCA," 28 U.S.C. §§ 2671–2680[2]), originally separated its claim into three counts. This Court's February 26, 1993 memorandum opinion and order has dismissed Count I (sounding in malicious prosecution) and Count II (an abuse of process claim) for lack of subject matter jurisdiction. Only Count III, sounding in negligence, remains for consideration. Now the government, pointing to Section 2680(a)'s discretionary function provision, has moved to dismiss what is left of Wausau's action for lack of subject matter jurisdiction. For the even more basic reason stated in this memorandum opinion and order, that motion is granted.

This Court had waded through all of the parties' most recent bulky submissions more than once, and it was in the process of reviewing its law clerk's lengthy draft opinion dealing with those submissions, when this Court's initial and persisting belief that Wausau's claims simply did not fit the FTCA caused it to abandon the parties' debate over "discretionary function" to pursue a more fundamental issue. To paraphrase the late Adlai Stevenson's rueful comment in the immediate aftermath of his first loss to Dwight Eisenhower (in the 1952 presidential race)— "Something funny happened to me on the way to the White House"—something funny has indeed happened to Wausau on its way to the federal courthouse.

Indeed, the deficiency in Wausau's FTCA claim is so basic that there is really no need to retain even the extended nine-page statement of facts in the draft opinion that this Court's law clerk had prepared based on the parties' briefing. All that needs to be said in that respect is to add to the skeletal statement at the outset of this opinion the fact that Wausau spent the money that it now seeks to recover after EPA (1) had designated Wausau as a "Potentially Responsible Person" for CERCLA purposes, demanding that it participate in the cleanup of the contaminated site, then (2) had issued an administrative order under CERCLA § 9606 directing Wausau and others to take emergency cleanup measures or suffer stiff penalties (daily fines of up to $25,000 as well as treble damages) and finally (3) had filed an administrative action against Wausau under the Toxic Substances Control Act, 15 U.S.C. §§ 2601–2609.

Essentially Wausau urges that EPA was dead wrong in the way that it has read the relevant CERCLA provisions and has gone after Wausau as a "Potentially Responsible Person." And Wausau contends that such wrongheaded pursuit, which forced Wausau to spend the money that it did, is actionable

---

1. Any citations here to CERCLA provisions will take the form "CERCLA § ——," employing the Title 42 section numbering rather than CERCLA's internal numbering.

2. All citations to FTCA provisions and to any other provisions in Title 28 will simply take the form "Section ——."

under the FTCA.[3]

From the outset of this action this Court has been beset by the nagging sense that Wausau has no legal justification for its Procrustean effort to shape its claim so as to fit within the FTCA. Except perhaps in the minds of Wausau and its lawyers, it would seem strongly counterintuitive for anyone to suggest that the United States—by the partial surrender of its sovereign immunity that is represented by the FTCA—intended to lay itself open to liability *in tort* because one of its executive agencies turned out to have construed a statute differently from the reading that the courts might ultimately give that statute. Assume for example that a government official, in the course of pursuing a uniquely federal governmental goal (one with no counterpart in the private sector), issued a regulation or ruling or otherwise applied the statutory provision covering that activity in one colorable way, only to find that the reading embodied in that regulation or ruling or application was ultimately rejected by a Court of Appeals or the Supreme Court. Would anyone seriously contend that such difference in views would trigger *tort* liability for the government?

One partial assurance that the just-posed question will receive the natural and obviously correct "Of course not!" response is provided by the first half of the same FTCA exception that contains as its last half the "discretionary function" provision (Section 2680(a)):

> The provisions of this chapter and section 1346(b) of this title shall not apply to—
>
> > (a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether

or not such statute or regulation be valid....

But that provision, which insulates the United States where a formal *regulation* has been adopted, does not extend to all of the equally obvious situations where there is no regulation but it is equally clear that no tort responsibility is intended or should be imposed.

Thus it is unsurprising that courts confronted with attempts to thrust tort liability on the government where its personnel have engaged in exclusively governmental action have emphasized the portion of Section 1346(b) that confers federal jurisdiction only where a governmental employee's negligent or wrongful act or omission has caused injury "under circumstances where the United States, *if a private person*, would be liable to the claimant in accordance with the law of the place where the act or omission occurred" (emphasis added). And that same emphasis is (also unsurprisingly) placed on the corresponding limitation set out in the FTCA itself as part of Section 2674, imposing tort liability on the United States only "in the same manner and to the same extent *as a private individual under like circumstances*" (emphasis again added).

Those provisions as well as the original purpose and genesis of the FTCA have led to the sensible approach epitomized (for example) by a trilogy of cases from the Second Circuit,[4] *C.P. Chem. Co. v. United States*, 810 F.2d 34 (2d Cir.1987), *Chen v. United States*, 854 F.2d 622 (2d Cir.1988) and *Akutowicz v. United States*, 859 F.2d 1122 (2d Cir.1988). *Chen*, for example, offers a striking parallel to what Wausau attempts here, for (854 F.2d at 623):

---

**3.** EPA's CERCLA § 9606 order included a number of findings that set out Wausau's role in the waste disposal decision that had led up to the contamination of the site, followed by a determination that through its activity Wausau had "arranged for disposal, or arranged with a transporter for transport for disposal" of the hazardous substances—the provision in CERCLA § 9607(a)(3) that caused EPA to hold Wausau liable as a "covered person" under that section. By chance our Court of Appeals has just had occasion to point out that CERCLA does not define the term "arrange for" and has itself construed the just-quoted language from CERCLA

§ 9607(a)(3), albeit in a different context (*Amcast Indus. Corp. v. Detrex Corp.*, 2 F.3d 746, 751 (7th Cir.1993). EPA's application of the statute certainly does not appear to be at odds with what *Amcast* has said, but in any event it is unnecessary to reach an ultimate decision on that issue for the reason next explained in the text.

**4.** Accord, the decision and discussion by the Court of Appeals for the District of Columbia in *Art Metal–U.S.A., Inc. v. United States*, 753 F.2d 1151, 1156–59 (D.C.Cir.1985).

Chen's complaint alleged claims of negligence per se, intentional tort and prima facie tort against the General Services Administration ("GSA"), based on GSA's alleged violations of federal procurement regulations during (1) the investigation of Chen Printing's operations and (2) the proceedings to suspend and debar Chen Printing as a government contractor. Chen sought $2.5 million damages for loss of investment in, income to, and salary from Chen Printing allegedly caused by GSA's actions.

But the Court of Appeals stopped Chen in his tracks "without reaching the issue of whether any exceptions to the FTCA apply to bar Chen's claims" because "Chen has failed to set forth any claim cognizable against a private party under applicable state law" (*id.*).

Although Chen's discussion of the lack of a private party analog (*id.* at 625–27) might well have been quoted at length here as a predicate for rejecting Wausau's FTCA claim, this Court has opted instead to draw at length from the slightly more recent and more extended discussion in *Akutowicz*, 859 F.2d at 1125–26:

"[T]he United States, as sovereign, is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit," *Lehman v. Nakshian*, 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981) (quoting *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941)); *see Long Island Radio Co. v. NLRB*, 841 F.2d 474, 477 (2d Cir.1988). Accordingly, the government's waiver of immunity under the FTCA must be "strictly construed in favor of the government," *Long Island Radio*, 841 F.2d at 477.

Under section 2674 of the FTCA, the government is liable only "to the same extent as a private individual under like circumstances," 28 U.S.C. § 2674. Section 1346(b), the jurisdictional provision of the Act, more succinctly limits the government's exposure to liability to those torts committed by government employees "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the [tortious] act or omission occurred," 28 U.S.C. § 1346(b); *see Feres v. United States*, 340 U.S. 135, 141, 71 S.Ct. 153, 157, 95 L.Ed. 152 (1950); *Chen v. United States*, 854 F.2d 622 (2d Cir.1988); *C.P. Chemical Co. v. United States*, 810 F.2d 34, 37 (2d Cir.1987). As we recently held in *Chen*, "for liability to arise under the FTCA, a plaintiff's cause of action must be 'comparable' to a 'cause of action against a private citizen' recognized in the jurisdiction where the tort occurred, and his allegations, taken as true, must satisfy the necessary elements of that comparable state cause of action," *Chen*, 854 F.2d at 626 (citations omitted).

The FTCA does not extend to conduct "governed exclusively by federal law," *Feres*, 340 U.S. at 146, 71 S.Ct. at 159, or to conduct "of a governmental nature or function," *Dalehite v. United States*, 346 U.S. 15, 28, 73 S.Ct. 956, 964, 97 L.Ed. 1427 (1953) (footnote omitted), that has "no analogous liability" in the law of torts, *id.* at 44, 73 S.Ct. at 972. In *C.P. Chemical*, we held that,

as to certain governmental functions, the United States cannot be held liable, for no private analog exists. "[Q]uasi-legislative or quasi-adjudicative action by an agency of the federal government is action of the type that private persons could not engage in and hence could not be liable for under local law."

*C.P. Chemical*, 810 F.2d at 37–38 (quoting *Jayvee Brand, Inc. v. United States*, 721 F.2d 385, 390 (D.C.Cir.1983)). Without doubt, no private citizen is empowered to certify the loss of American nationality. Certainly, the FTCA imposes liability upon the government to the same extent, and in the same manner, as a private individual under "like," not identical, circumstances, 28 U.S.C. § 2674; *see Indian Towing Co. v. United States*, 350 U.S. 61, 64, 76 S.Ct. 122, 124, 100 L.Ed. 48 (1955). We think it is clear, however, that the withdrawal of a person's citizenship constitutes a quasi-adjudicative action for which no private analog exists. Significantly, neither party has

raised the issue whether, nor are we convinced that, any analogous private cause of action exists. Even if we were willing to analogize the relationship between the government and its citizens with that between a private association and its individual members, we would be hard-pressed to find "a cause of action *in tort*" for alleged misconduct by the association, *Chen*, 854 F.2d at 627 (see also cases cited therein). Accordingly, because we hold that plaintiff has not satisfied the private analog requirement, he has failed to state a cause of action under the FTCA.

That language might well have been written for this case. Although Wausau's asserted claim is not of course identical to that in *Akutowicz* (or in *Chen*), it is equally remote from the type of claim that caused the FTCA's limited departure from the strict application of sovereign immunity (*Feres*, 340 U.S. at 139–40, 71 S.Ct. at 155–57). As in those cases, Wausau "can point to no liability of a 'private individual' even remotely analogous to that which [it is] asserting against the United States" (*id.* at 141, 71 S.Ct. at 157).

Our own Court of Appeals has had less occasion to deal with the FTCA generally, and particularly with the type of claims that are subject to rejection for the reason spoken of here.[5] But when our Court of Appeals *has* confronted like issues, its response has been along just the same lines—see, e.g., *Rogers v. United States*, 902 F.2d 1268, 1270 (7th Cir.1990) (employing the "no private analog" concept). This Court sees no reason to believe that the long-established and still-vigorous teaching of *Feres* and of the facet of *Dalehite* that dealt with the same subject (346 U.S. at 43–44, 73 S.Ct. at 971–72) would not carry the day in this Circuit as well.

### Conclusion

As was true in such cases as *Chen* and *Akutowicz*, there is no need to enter the thicket of FTCA exceptions to decide this case. Before this Court confirmed that its intuitive reaction to Wausau's claim was so firmly grounded in the law, it had entered

deep into the convoluted set of arguments advanced by both litigants here. It had viewed the United States' arguments as overreaching in some respects, while more importantly it had found Wausau's contentions highly unpersuasive. But all of that may be left without further comment.

Wausau may perhaps have some other legal remedy for what it claims was governmental error (perhaps its still-pending action before this Court's colleague Honorable Marvin Aspen discussed in *Employers Ins. of Wausau A Mutual Co. v. Bush*, 791 F.Supp. 1314 (N.D.Ill.1992)), but that possible remedy is clearly *not* by way of a tort claim under the FTCA. Wausau's remaining claim and hence this action are dismissed.

---

5. Are Seventh Circuit litigants and their lawyers less prone to attempt to cut and trim square peg claims in an effort to fit the round hole of FTCA?