**Thomas FIGUEROA, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. CV 09–4032.

United States District Court, E.D. New York.

Sept. 7, 2010.

The Odierno Law Firm by Scott Odierno, Esq., Melville, NY, for Plaintiff.

Loretta Lynch, United States Attorney, Eastern District of New York, by Robert W. Schumacher, Esq., Assistant United States Attorney, Central Islip, NY.

*MEMORANDUM AND ORDER*

WEXLER, District Judge.

This is a case brought against the United States (the "Government") pursuant to the Federal Torts Claims Act (the "FTCA"). Plaintiff Thomas Figueroa, ("Plaintiff" or "Figueroa") is the father of Thomas Figueroa, Jr., an infant born in 2005 (the "Infant"). Plaintiff seeks to hold the United States responsible for allowing the mother of his child to remove the Infant from the country pursuant to a forged passport application. Plaintiff alleges negligence in issuing the passport, and seeks damages attributable to the loss of Plaintiff's son, and all of the benefits inherent in the father-son relationship. Presently before the court is Defendant's motion, pursuant to Rule 12 of the Federal Rules of Civil Procedure, to dismiss the action in its entirety. For the reasons set forth below, the motion is granted.

*BACKGROUND*

I. *Facts*

The facts set forth below are drawn from Plaintiffs' complaint and considered as true for the purpose of this motion.

Plaintiff is the father, and Yenny Castro–Rua ("Castro–Rua") is the mother, of the Infant. On about September 24, 2006, Castro–Rua completed forms DS–11 and DS–3053—the forms necessary to apply for a passport for the Infant. Because the signatures of both parents are necessary to obtain a passport for a child under the age of fourteen, Castro–Rua submitted the latter form, the DS–3053. This form is necessary to submit in cases where, as here, one parent is not present when the passport application is submitted.

Plaintiff alleges that Castro–Rua forged his signature on the form DS–3053, so that

she could obtain the Infant's passport without Plaintiff's knowledge. He states that it was obvious that the signature on the DS–3053 was not properly notarized because it bore no stamp, seal or "any other indication of the identity of the individual" who purported to act as notary. The allegedly defective passport application was submitted by Castro–Rua to the Lindenhurst, New York Post Office, and was thereafter routed to the Charleston Passport Office. A passport was issued to the Infant on October 26, 2006. Shortly after obtaining the passport, Castro–Rua permanently removed the Infant from the United States to Spain, a country from which Plaintiff alleges extradition is impossible.

## II. *Plaintiff's Complaint and Defendant's Motion*

Plaintiff alleges a single cause of action in negligence. He states that the United States was negligent in issuing the Infant's passport, and is therefore liable to Plaintiff pursuant to the FTCA. The allegation of negligence is supported by the assertion that the passport application bore a forged signature and a defective notary stamp, and was therefore incomplete, defective and in violation of Federal law.

Defendant moves to dismiss for failure to state a claim on the grounds that: (1) the government has not waived sovereign immunity where, as here there is no private analog to the alleged negligent conduct; (3) even if a private analog exists, Plaintiff fails to articulate a state law duty owed by Defendant to Plaintiff and/or (3) to the extent that Plaintiff's claims are based upon fraud, such claims must be dismissed as not within the FTCA waiver of sovereign immunity.

After setting forth applicable legal principles, the court will turn to the merits of the motion.

## DISCUSSION

### I. *Legal Principles*

#### A. *Liability of the Government Under the FTCA*

■ The United States, as sovereign, is immune from suit except to the limited extent that it consents to waiver of immunity. *FDIC v. Meyer*, 510 U.S. 471 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *Akutowicz v. United States*, 859 F.2d 1122, 1125 (2d Cir.1988). That waiver is to be construed narrowly, in favor of the government. *Akutowicz*, 859 F.2d at 1122. Under the FTCA, the United States government waives sovereign immunity for torts committed by its employees "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b): *see Chen v. United States*, 854 F.2d 622, 625–26 (2d Cir.1988). To state a claim, the plaintiff must: (1) satisfy the "private party analog" element of an FTCA claim, and (2) set forth the elements necessary to state a comparable cause of action under state law. *Id.*

■ As to the private analog, the FTCA plaintiff must show that the claim asserted is analogous to a "comparable cause of action against a private individual." *C.P. Chemical v. United States*, 810 F.2d 34, 37 (2d Cir.1987). When considering whether a private analog exists, the issue is not whether a state or other governmental entity would be liable for the conduct alleged, but whether a private individual would be liable under analogous circumstances. *United States v. Olson*, 546 U.S. 43, 45–46, 126 S.Ct. 510, 163 L.Ed.2d 306 (2005). Thus, it matters not whether a municipality or other governmental entity would be liable to a plaintiff; the proper focus of the inquiry is whether there exists

a comparable action against a private person. *Id.*

■ A comparable claim is stated where an analogy can be drawn between the conduct forming the basis of the claim against the federal government, and that which could form the basis of a cause of action against a private individual. *C.P. Chemical,* 810 F.2d at 37. For example, a comparable private analog is stated where a government employee fails to maintain a safe path of travel at a federal facility. In such a case, the tortious conduct of an individual who fails to maintain his property is analogous to the conduct of the government employee who similarly fails in his duty to maintain safety on government property. *See, e.g., Silverman v. United States,* 2008 WL 1827920 *11–12 (E.D.N.Y. 2008). On the other hand, no private analog is necessarily stated, for example, where the FTCA claim is based only upon an alleged failure to enforce a Federal statute or government regulation. *Chen,* 854 F.2d at 626. In such a case, no private conduct analogy can be drawn, and the FTCA claim is properly dismissed. *See, e.g. Dorking Genetics v. United States,* 76 F.3d 1261, 1266 (2d Cir.1996); *Chen,* 854 F.2d at 626. No FTCA claim is stated in the latter example because the action forming the basis of the claim, "is action of the type that private persons could not engage in and hence could not be liable for under local law." *Chen,* 854 F.2d at 626, quoting, *Jayvee Brand v. United States,* 721 F.2d 385, 390 (D.C.Cir.1983). Often, action with no private analog falls into the category of either the "quasi-legislative" or "quasi adjudicative" action of an agency. *Akutowicz,* 859 F.2d at 1126.

■ The issue of whether the private analog prong of an FTCA claim is met is not simply decided. Indeed, the government is not insulated from liability simply because the alleged negligence was committed in the performance of a "uniquely governmental function." *Dorking,* 76 F.3d at 1266 (2d Cir.1996), quoting, *Indian Towing Co. v. United States,* 350 U.S. 61, 65–69, 76 S.Ct. 122, 100 L.Ed. 48 (1955). Thus, it has been recognized that FTCA liability might be imposed for negligent operation of a coast guard lighthouse— conduct that could not be engaged in by a private person. *See Olson,* 546 U.S. at 46–47, 126 S.Ct. 510. Finding a private conduct analog in *Olson,* the Supreme Court drew an analogy between the conduct of the government employee lighthouse operator, and that of a private individual who seeks to warn others of danger, and is alleged to have been negligent in the carrying out of that duty. *Id.* Similar private analogs have been drawn to analyze whether FTCA liability might be imposed with respect to the conduct of federal mine inspectors. While private individuals could not act as the government in undertaking such inspections, they may conduct analogous safety inspections, and incur liability for their negligence in carrying out these duties. *See generally Olson,* 546 U.S. at 47, 126 S.Ct. 510.

Certain conduct, on the other hand, is deemed to have no private analog, negating FTCA liability based thereon. For example, in *C.P. Chemical,* the court held that there was no private analog sufficient to support FTCA liability based upon the government's decision to ban the use of a certain chemical sought to be marketed by the plaintiff company. Holding that the regulation at issue was a product of the government's "statutory duty to protect the public against unreasonable risks of injury," no private analogy could be drawn, and the FTCA claim was dismissed. *C.P. Chemical,* 810 F.2d at 38; *accord Chen,* 854 F.2d at 626 (no private conduct analog to case alleging negligent enforcement of procurement guidelines).

Most similar to the conduct forming the basis of the claim raised here was the conduct sought to be relied upon to impose FTCA liability in *Akutowicz v. United States,* 859 F.2d 1122 (2d Cir.1988). There, plaintiff sought to state an FTCA claim against the government for its allegedly negligent conduct in connection with the adjudicated loss of plaintiff's citizenship. Because "no private citizen is empowered to certify the loss of American nationality," the Second Circuit held that there was no private analog to the negligent conduct alleged and the FTCA claim was dismissed. *Akutowicz,* 859 F.2d at 1125.

When considering these precedents, especially the Second Circuit's holding in *Akutowicz,* the court holds that the conduct forming the basis of Plaintiff's complaint here—the allegedly negligent issuance of a passport—lacks a private analog and therefore cannot form the basis of a claim pursuant to the FTCA. The court holds that there is simply no private party conduct that under analogous circumstances, would impose individual liability under state law. Plaintiff's attempt to draw such an analogy to cases imposing municipal liability for the negligence of state employees is rejected in light of the Supreme Court's clear holding in *Olson,* where the Court held, as noted, that the issue as to private party analog is not whether a municipality would be liable, but whether a private party would be liable. *Olson,* 546 U.S. at 45–46, 126 S.Ct. 510. Plaintiff has pointed to no analogous set of circumstances that would impose liability for an injured person based upon a third party's reliance on a false notary stamp. In the absence of such an analogy, there can be no FTCA liability.

Even if the court were to assume that a New York State action in negligence somehow supports a finding of a private

party analog, the court would nonetheless dismiss Plaintiff's case for failure to state a claim under state law. To establish a prima facie case of negligence under New York law, a plaintiff must demonstrate that: (1) the defendant owed a duty to the plaintiff; (2) the defendant breached that duty; and (3) the plaintiff was injured as a result of the defendant's breach. *See Lombard v. Booz–Allen & Hamilton, Inc.,* 280 F.3d 209, 215 (2d Cir.2002); *Adames v. United States,* 2010 WL 1633441 *5 (E.D.N.Y.2010).

The court holds that the duty alleged—the duty to detect a defective notary stamp—is not one that can be imposed here. First, while New York law imposes a level of diligence upon notaries, that duty applies only to notaries, to act without misconduct in the performance of their duties. It does not impose liability on a third party who mistakenly relies on the defective notary stamp. *See* N.Y. Exec. L. § 135 (notary public liable "for all damages sustained by them for any misconduct"). Further, the court notes that the establishment of a New York State safety regulation, does not impose a duty running to individuals sufficient to impose liability for breach thereof. Instead, the regulation protects only the interests of the public at large, and no claim in negligence may be stated on behalf of an individual. *See McLean v. City of New York,* 12 N.Y.3d 194, 878 N.Y.S.2d 238, 242–43, 905 N.E.2d 1167 (2009) (statute authorizing licensing and inspection of day care centers does not create a duty toward parent of child injured at center that allegedly failed inspection); *O'Connor v. New York,* 58 N.Y.2d 184, 460 N.Y.S.2d 485, 486–87, 447 N.E.2d 33 (1983) (plaintiff may not rely on gas pipe regulations to state a claim for injury as a result of allegedly defective inspection).

In sum, the court declines the invitation to impose upon the United States the duty alleged here—to have knowledge of the requirements for a proper notary stamp under the laws of all fifty states. An noted above, such a broad duty has no private analog. Nor does the court hold that such facts could state a claim under New York law.

## CONCLUSION

For the foregoing reasons, the court grants Defendant's motion to dismiss. The Clerk of the Court is directed to terminate all motions and to close the file in this matter.

SO ORDERED.