11-1042(L)
*Lillian Carter et al. v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of August, two thousand twelve.

PRESENT: ROBERT A. KATZMANN,
        RICHARD C. WESLEY,
        PETER W. HALL,
                *Circuit Judges.*

---

LILLIAN CARTER, RUSSELL CARTER, CHAD CARTER, VIRGIL WILLIAMS, TERRANCE WILSON, FKA TERRENCE WILSON,

                *Plaintiffs-Appellees,*

    v.                  11-1042(L);
                            11-1353(XAP)

UNITED STATES OF AMERICA,

                *Defendant-Appellant.*

---

FOR APPELLANT:      TIMOTHY D. LYNCH, Assistant United States Attorney (Varuni Nelson, Scott R. Landau, Assistant United States Attorneys, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY.

FOR APPELLEES:      BRETT H. KLEIN, Leventhal & Klein, LLP, Brooklyn, NY.

Appeal from the United States District Court for the Eastern District of New York (Block, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of United States District Court for the Eastern District of New York is **AFFIRMED**, in part, and **REVERSED**, in part.

Defendant-Appellant-Cross-Appellee United States of America (the "government") appeals from a judgment of the United States District Court for the Eastern District of New York (Block, *J.*) awarding Plaintiff-Appellee-Cross-Appellant Lillian Carter ("Ms. Carter") damages of $300,000 under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA"). Ms. Carter, together with Russell Carter, Chad Carter, Virgil Williams, and Terrance Wilson (collectively, the "Plaintiffs"), filed a complaint alleging, *inter alia*, that an employee of the United States Postal Service "negligently provided inaccurate information for law enforcement purposes that directly resulted in an unlawful attempt by the ATF defendants to execute an arrest warrant at the [P]laintiffs' residence." On July 22, 2010, the district court denied the government's motion to dismiss the complaint for lack of subject matter jurisdiction, concluding that Restatement (Second) of Torts § 311

2

("Section 311") satisfied the FTCA's "private analogue" requirement because the New York Court of Appeals in *Heard v. City of New York*, 82 N.Y.2d 66, 75 (1993), cited that "section and its commentary with approval." The district court went on to conclude that Ms. Carter's claim satisfied the requirements of Section 311 and awarded her damages of $300,000 for "the pain and suffering resulting from her emotional distress" arising out of the search of her home by the ATF. It also declined to award damages to any of the Plaintiffs other than Ms. Carter because they failed to "adduce any evidence of their damage." We assume familiarity with the underlying facts, the procedural history, and the issues presented for review.

The district court erred in concluding that the Plaintiffs' claim has a private analogue in New York. Under the FTCA, the United States waives sovereign immunity only "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *see also* 28 U.S.C. § 2674. To satisfy the private analogue requirement, the plaintiff must show that his claim is "comparable to a cause of action against a private citizen recognized in the jurisdiction

3

where the tort occurred, and his allegations, taken as true, . . . satisfy the necessary elements of that comparable state cause of action." *Akutowicz v. United States*, 859 F.2d 1122, 1125 (2d Cir. 1988) (internal quotation marks omitted).

Here, the allegations in the complaint do not state a claim that is "comparable to a cause of action against a private citizen recognized in" New York. *Id.* (internal quotation marks omitted). Plaintiffs candidly admitted at oral argument that by relying on Section 311 they are asking this Court to recognize a "new tort" never before recognized in New York. Notwithstanding that concession, Plaintiffs point to *Birnbaum v. United States*, 588 F.2d 319, 326 (2d Cir. 1979), and claim that this Court can "anticipat[e] the development of state tort law in resolving the issue of whether a private analogue existed for FTCA purposes," Plaintiffs' August 20, 2012 Rule 28(j) letter.

In this case, we need not "anticipate" the development of state tort law because there is New York precedent on point. In *Lauer v. City of New York*, 95 N.Y.2d 95 (2000), the New York Court of Appeals addressed facts and claims almost identical to those presented here and concluded that no cause of action existed.

4

There, a city medical examiner performed an autopsy and prepared a report for the police stating that the plaintiff's child's death was a homicide caused by "blunt injuries." *Id.* at 98. Based on this report, the police began investigating what they thought was a homicide, focusing primarily on the plaintiff, the child's father. *Id.* Weeks later, the medical examiner conducted a more detailed study of the child's brain and concluded that his death was not a homicide but never notified law enforcement of its new conclusion. *Id.* The mistake was not discovered for another seventeen months. The plaintiff sued the medical examiner and the city for, *inter alia*, negligent infliction of emotional distress. *Id.*

The Court of Appeals concluded that the medical examiner did not owe a duty of care to the plaintiff. *Id.* at 101. The court began by explaining that in "[f]ixing the orbit of duty" courts must be "mindful of the precedential, and consequential future effects of their rulings, and limit the legal consequences of wrongs to a controllable degree." *Id.* at 100 (internal quotation marks omitted). Foreseeability of harm does not create a duty; rather, the court must define duty "as a matter of policy." *Id.* Concluding that no "special relationship" was created

5

between the plaintiff and medical examiner either by statute or the medical examiner's conduct, the court dismissed plaintiff's claim.[1]  *Id.* at 102-03.

While *Lauer* deals with a duty owed by a public employee, and not a private individual, the decision is still determinative here.  Much like Plaintiffs' claim under the FTCA, the plaintiff in *Lauer* could only prevail if New York law allowed a similar claim for conduct by a private individual.  *Id.* at 99-100.  While New York municipalities long ago waived their immunity for negligent ministerial

---

[1] We do not view *Lauer's* "special relationship" analysis solely as a limitation on a municipality's tort liability.  Rather, it is meant to assess whether the tortfeasor has a relationship with the injured party that is akin to privity so that it is reasonable to impose a duty on the tortfeasor. *See, e.g.*, *Parrott v. Coopers & Lybrand, L.L.P.*, 95 N.Y.2d 479, 484 (2000). This requirement reinforces the general principle that in order for a duty of care to exist, "[t]he injured party must show that a defendant owed not merely a general duty to society but a specific duty to him or her, for '[w]ithout a duty running directly to the injured person there can be no liability in damages, however careless the conduct or foreseeable the harm.'"  *Hamilton v. Beretta U.S.A. Corp.*, 96 N.Y.2d 222, 232 (2001) (quoting *Lauer*, 95 N.Y.2d at 100).  Indeed, in a claim for negligent misrepresentation that is relied on by a third-party a privity-type relationship has long been required before a party may recover in tort for damages sustained as a result of the negligent misrepresentation. *See Parrott,* 95 N.Y.2d at 484; *Prudential Ins. Co. v. Dewey, Ballantine, Bushby, Palmer & Wood*, 80 N.Y.2d 377, 382 (1992); *Eiseman v. New York*, 70 N.Y.2d 175, 188-89 (1987).

acts of public employees, like those acts at issue in *Lauer*, the waiver of immunity does not create new causes of action for negligent acts by public employees where none previously existed for private individuals. *Id.* There must still be a cognizable claim against a private individual (private analogue) before liability can attach: "'waiver-of-immunity statutes have not created new causes of action where none existed before; they have only removed the shield of governmental immunity where a cause of action would exist if the tort-feasor were a private person.'" *Id.* at 100 (quoting Horace B. Robertson, Jr., *Municipal Tort Liability: Special Duty Issues of Police, Fire, and Safety*, 44 Syracuse L. Rev. 943, 945 (1993)). Thus, the Court of Appeals explained that it had to assess whether the medical examiner owed a duty of care to the plaintiff:

> [A] ministerial wrong merely removes the issue of governmental immunity from a given case. Ministerial negligence may not be immunized, but it is not necessarily tortious. There must still be a basis to hold the municipality liable for negligence.

*Id.* at 99-100 (citations and internal quotation marks omitted).

Without addressing *Lauer*, the Plaintiffs argue, and the district court agreed, that the Court of Appeals would adopt

7

Section 311 if squarely presented with the issue.  They argue that New York would recognize a duty running from one who negligently gives false information to another to all third persons that "the actor should expect to be put in peril."  Appellees' Br. at 27 (quoting Section 311).  But this is exactly the type of claim that *Lauer* foreclosed.  Indeed, the court declined to adopt a "new duty [] based on negligent initiation of a course of events with foreseeable harm," concluding that "[t]his is simply not a prudent expansion of the law."  *Lauer*, 95 N.Y.2d at 104.

For the foregoing reasons, the judgment of the district court awarding $300,000 to Ms. Carter is hereby **REVERSED**.  Because the Plaintiffs' claim has no private analogue in New York, the Court **AFFIRMS** the district court's order insofar as it declined to award damages to any of the Plaintiffs other than Ms. Carter.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

8