12-1817-cv
Powell v. Donahoe

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York the 4th day of June, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
             DEBRA ANN LIVINGSTON,
                   *Circuit Judges.*
             RICHARD W. GOLDBERG,[*]
                   *Judge.*

_____

CHRISTOPHER POWELL,

                   *Plaintiff-Appellant*,

             -v-                                            12-1817-cv

PATRICK R. DONAHOE, POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICE,

                   *Defendant-Appellee.*[**]

_____

Appearing for Appellant:          Christopher Powell, *pro se*, Rochester, NY

_____

[*] The Honorable Richard W. Goldberg, United States Court of International Trade, sitting by designation.

[**] Patrick R. Donahoe is automatically substituted as the Appellee in this case pursuant to Federal Rule of Appellate Procedure 43(c)(2). The Clerk of the Court is directed to amend the caption as set out above.

Appearing for Appellees:                Michael S. Cerrone, Assistant United States Attorney (William J. Hochul, Jr., United States Attorney, Western District of New York, *on the brief*), Buffalo, NY

Appeal from the United States District Court for the Western District of New York (Telesca, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Christopher Powell seeks review of the district court's April 12, 2012 judgment, granting summary judgment to the Defendant-Appellee ("Postal Service") on his claimed violations of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701-96, and the Privacy Act, 5 U.S.C. § 552a *et seq.* We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

As an initial matter, Powell's motion to submit "documents for the record" is denied. To the extent Powell seeks to enlarge the record on appeal, he has not demonstrated that extraordinary circumstances warrant such an expansion. *Int'l Bus. Machs. Corp. v. Edelstein*, 526 F.2d 37, 45 (2d Cir. 1975). To the extent he seeks to include documents that were already presented to the district court, the motion is unnecessary. Fed. R. App. P. 10.

"We review a district court's grant of summary judgment de novo, construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor." *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 358 (2d Cir. 2011). Where the "nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof," summary judgment must be granted to the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In order to defeat a motion for summary judgment that is properly supported by the evidence contemplated in Federal Rule of Civil Procedure 56(e), "the opposing party is required to come forward with materials envisioned by the Rule, setting forth specific facts showing that there is a genuine issue of material fact to be tried. He cannot defeat the motion by relying on the allegations in his pleading, or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. Cnty. of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (internal citation omitted).

Persons who have been aggrieved under the Rehabilitation Act must "initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a)(1). Prior to bringing suit under the Rehabilitation Act, as with other federal statutes prohibiting discrimination, a federal employee must first "timely 'exhaust the administrative remedies at his disposal.' Failure to do so can be asserted by the government as an affirmative defense." *Belgrave v. Pena*, 254 F.3d 384, 386 (2d Cir. 2001) (quoting *Downey v. Runyon*, 160 F.3d 139, 145 (2d Cir. 1998)). In the instant case, the Postal Service presented evidence demonstrating that Powell knew of the release of his medical files as of August 4, 2006, and did not file an administrative complaint until over two years later. Powell points only

to his complaint to demonstrate an alternative, later date of his discovery of the release of his files. Reliance on the allegations in a pleading is insufficient to defeat summary judgment. *See Gottlieb*, 84 F.3d at 518. Thus, we conclude that the district court rightly granted summary judgment to the Postal Service on Powell's Rehabilitation Act claim.

An action under the Privacy Act based on improper disclosure of records must be brought "within two years from the date on which the cause of action arises," or, where the plaintiff alleges material and willful misrepresentation, "within two years after discovery by the individual of the misrepresentation." 5 U.S.C. § 552a(g)(5). Powell makes no willful misrepresentation claims here or below, so his Privacy Act claim is governed by a statute of limitations of two years from the date on which the cause of action arose. This Court has determined that once an individual has knowledge of the violation under the Privacy Act, the two-year statute of limitations begins to run. *Akutowicz v. United States*, 859 F.2d 1122, 1126 (2d Cir. 1988). As discussed above, Powell had actual knowledge of the release of his records as of August 4, 2006. He did not file the instant action until August 20, 2010, well outside the two-year statute of limitations period. Thus, we conclude that Powell's Privacy Act claim is time barred.

We have considered Powell's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3