**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ASHRAF ELGAMAL, individually and as Guardian Ad Litem for A.E., a minor; AMANDA ELGAMAL, <br><br> Plaintiffs–Appellants, <br><br> v. <br><br> REBECCA BERNACKE, Employee of the United States Citizenship and Immigration Services; CYNTHIA HARPER, Employee of the United States Citizenship and Immigration Services; JOHN M. RAMIREZ; KIRSTJEN NIELSEN, Secretary of the Department of Homeland Security; UNITED STATES OF AMERICA; JEFFREY S. BLUMBERG; LEON RODRIGUEZ, <br><br> Defendants–Appellees. | Nos.  15-17009 <br>      16-16683 <br><br> D.C. No. 2:13-cv-00867-DLR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted February 16, 2018[]
San Francisco, California

Before: KLEINFELD and TALLMAN, Circuit Judges, and MURPHY,[***] District Judge.

Plaintiffs sued under the Federal Tort Claims Act, the Administrative Procedure Act, and the Fifth Amendment. The district court dismissed the tort claims for lack of subject-matter jurisdiction. It granted summary judgment on the other claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, Senger v. United States, 103 F.3d 1437, 1440 (9th Cir. 1996), and affirm.

## I.

**A.** Several of Plaintiffs' tort claims are about Rebecca Bernacke's and Cynthia Harper's alleged conduct. But Plaintiffs did not file an administrative claim until more than two years after they had reason to know of the injuries that Bernacke and Harper allegedly caused. No tolling doctrines apply. Therefore, these claims are untimely. See 28 U.S.C. § 2401(b); Hensley v. United States, 531 F.3d 1052, 1056 (9th Cir. 2008).

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Stephen J. Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

**B.** Other tort claims are about Jeffrey Blumberg's and Margo Schlanger's conduct. Essential elements of these claims constitute torts listed in 28 U.S.C. § 2680(h), so sovereign immunity applies. See Sabow v. United States, 93 F.3d 1445, 1456 (9th Cir. 1996).

**C.** Plaintiffs' conspiracy claim must be dismissed because Arizona does not recognize that tort. See 28 U.S.C. § 1346(b)(1); Hansen v. Stoll, 636 P.2d 1236, 1242 (Ariz. Ct. App. 1981). Likewise, because no private person could be sued for anything sufficiently analogous to the negligent denial of an immigration status adjustment application, that claim must be dismissed as well. See Dugard v. United States, 835 F.3d 915, 921 (9th Cir. 2016); cf. Akutowicz v. United States, 859 F.2d 1122, 1125–26 (2d Cir. 1988).

## II.

We lack jurisdiction over Plaintiffs' Administrative Procedure Act claims. Because the challenged decision denying Plaintiffs' status adjustment application was later withdrawn, we have not been asked to review a final agency action. See Bennett v. Spear, 520 U.S. 154, 177–78 (1997). No statute authorizes judicial

3

review of denials of status adjustment.  <u>Cabaccang v. U.S. Citizenship &</u>

<u>Immigration Servs.</u>, 627 F.3d 1313, 1315 (9th Cir. 2010).

**III.**

Plaintiffs lack a <u>Bivens</u> cause of action for their Fifth Amendment claims

because the Immigration and Nationality Act and the Administrative Procedure Act

adequately protect any constitutional rights at stake.  <u>See</u> <u>Mirmehdi v. United</u>

<u>States</u>, 689 F.3d 975, 982–83 (9th Cir. 2012); <u>W. Radio Servs. Co. v. U.S. Forest</u>

<u>Serv.</u>, 578 F.3d 1116, 1123 (9th Cir. 2009).

The district court's judgments are therefore **AFFIRMED**.